HENRY J. BOOKMAN, Appellant, v. LOUIS R. STEGMAN, Sheriff, etc., Respondent.

A conclusion reached by a judicial officer upon *ex parte* affidavits, to the effect that they contain sufficient evidence to prove an indebtedness from one party to another, and the perpetration of frauds on the part of the debtor in incurring it, is not competent evidence in an action between third parties to establish either the indebtedness or the frauds

(Submitted March 7, 1887, decided March 22, 1887.)

This was an action to recover possession of a quantity of liquors which had been purchased by plaintiff of one Midas. Defendant had levied upon the property under and by virtue of two attachments against Midas, under which he justified, claiming the sale from Midas was fraudulent and void as to his creditors. Defendant was permitted to prove, under objection and exception, that there were some fifteen attachments issued against Midas for a large amount on the ground of frauds alleged to have been committed by him, and the attachments were received in evidence. *Held*, that the evidence was incompetent.

The following is an extract from the opinion :

" This evidence was testified to by the under sheriff, claiming to hold the several attachments in his hands and speaking therefrom, and was objected to by the plaintiff. They were offered and admitted upon the ground that they bore upon the alleged fraud of Midas, and the plaintiff excepted to the ruling.

" The defendant also offered the several affidavits upon which the respective attachments were founded, but, upon objection being made by the plaintiff, they were withdrawn. The attachments were, however, allowed to remain as evidence in the case, purporting to prove that they were each issued on account of alleged frauds of Midas, and apparently showing an indebtedness on his part of $72,000 to the several plaintiffs in such attachments. These attachments did not comprise the process under which the defendant justified the seizure of the property, but were claimed to be other process in his hands at the time thereof.

" It cannot be doubted but that this evidence was very material upon the issue presented by the defendant, and if it was improperly admitted, had a very injurious effect upon the result of the trial for the plaintiff.

" We are clearly of the opinion that this evidence was incompetent for any purpose. A conclusion reached by a judicial officer upon *ex parte* affidavits to the effect that they contained sufficient evidence to prove an indebtedness from one party to another, and the perpetration of frauds by the debtor in incurring it, is not competent evidence to establish

either the fact of such debt or of such frauds in an action between third parties.

" Such proof derives no force from the judicial order and is merely hearsay, having no greater effect, as proof of the facts stated therein, than *ex parte* affidavits made under any other circumstances. No statute makes them evidence and no rule of common law evidence justifies their admission. (*People ex rel. Vogler* v. *Walsh*, 87 N. Y. 485.)

" The fact that a judge has awarded process thereon constitutes no such adjudication as renders them evidence of the facts stated therein.

" For this error the judgments should be reversed and a new trial ordered."

*William J. Gaynor* for appellant.

*James Troy* for respondent.

RUGER, Ch. J., reads for reversal and new trial.
All concur.
Judgment reversed.