CULLEN, Ch. J., GRAY, EDWARD T. BARTLETT, WILLARD BARTLETT, HISCOCK and CHASE, JJ., concur.

Judgment of conviction affirmed.

---

WILLIAM GARDAM & SON, Respondent, *v.* JAMES G. BATTERSON, Appellant.

*Evidence — proof of mailing of letters — when insufficient.*

Where the question is whether a letter was sent by mail at a certain time in the absence of any evidence as to its being deposited with the post office authorities, the rule requires that the proof shall establish the existence of a course of business, or of office practice, according to which it naturally would have been so deposited.

Where the testimony was that the original letters, of which copies were offered in evidence, were addressed to the plaintiff, sealed, stamped,

and put in a box, or tray, "on my desk to be mailed in the post office, the same as I always do with every letter going from my office. * * * They were put there for the purpose of being mailed by somebody in my employ. I am head of a big insurance company down there. The letters are taken from that tray periodically through the day * * * by the clerk, whose duty it was to gather up the mail and post it. That was the way that all the mail that emanated from my office always went through the post. That was the regular course of business in my office every day;" *held,* that this fell short of proof warranting the presumption that the letters had been mailed.

*Gardam & Son* v. *Batterson,* 129 App. Div. 906, affirmed.

(Argued March 3, 1910; decided March 22, 1910.)

APPEAL from a judgment of the Appellate Division of the Supreme Court in the first judicial department, entered December 15, 1908, affirming a judgment in favor of plaintiff entered upon a verdict and an order denying a motion for a new trial.

The nature of the action and the facts, so far as material, are stated in the opinion.

*Philip Carpenter* for appellant. The exclusion of the Beadnell letters was reversible error. (*McKay* v. *Meyers,* 168 Mass. 312; *Trotter* v. *Maclean,* L. R. [13 Ch. Div.] 574; *Dana* v. *Kemble,* 19 Pick. 112; 1 Greenl. on Ev. § 40; *Pritt* v. *Fairclough,* 3 Camp. 305; *Union Bank* v. *Stone,* 50 Me. 595; *Boyer* v. *Rhinehart,* 17 N. Y. Supp. 346; *Hastings* v. *B. L. Ins. Co.,* 138 N. Y. 473; *Oregon* v. *Otis,* 100 N. Y. 446; *Cook* v. *McAleena,* 18 Misc. Rep. 219; *Howard* v. *Daly,* 61 N. Y. 362.)

*Jay Noble Emley* for respondent. The exclusion of the copies of the alleged Beadnell letters was not reversible error. (*Bank* v. *Delafield,* 126 N. Y. 410; *Thomas* v. *Gage,* 141 N. Y. 506; *Koester* v. *R. C. Works,* 194 N. Y. 92; *Gray* v. *K. D. Co.,* 162 N. Y. 388; *Gearty* v. *Mayer,* 183 N. Y. 233.)

GRAY, J. This action was brought by the plaintiff to recover a balance claimed to be due from the defendant upon

an account, alleged to have been stated between them for the value of work done and materials furnished by the former. The defendant denied the claim of the plaintiff and set up a counterclaim for damages; but, at the trial, he withdrew his counterclaim and the sole issue, upon which evidence was given, or offered, and which was submitted to the jury, was whether there had been an account stated. The question was whether there had been an agreement between the two parties fixing the amount due upon previous transactions between them and promising payment. The jurors found for the plaintiff and the judgment on their verdict has been unanimously affirmed by the justices of the Appellate Division. Upon this appeal, the one question of any importance, which the appellant has presented, related to the exclusion of what purported to be copies of certain letters, which he offered in evidence. The originals, he claimed, had been sent to the plaintiff through the post office. The letters were four in number; three purporting to have been written at times prior to the rendering of the statement of the account and one subsequently thereto. The writer was a person named Beadnell, who had acted as an agent of the defendant in the transactions with the plaintiff. Beadnell had died before the commencement of the action and the purpose of the defendant, in offering the copies, was to show from their contents that there had been such dissatisfaction on the part of Beadnell and of himself, with respect to plaintiff's work, as to make it improbable that there had been any promise of payment of the account. A notice had been served upon the plaintiff to produce such letters; but the plaintiff denied having them. The copies were excluded by the trial court upon the ground of insufficient proof of the mailing of the letters.

Looking at these writings, I think, in the first place, that they were of doubtful admissibility. They related to what the plaintiff had done in producing a time recording machine, or clock. Letters written by Beadnell, within the scope of his agency, might be admissible against his principal; but these letters have no bearing upon, or relevancy to, the ques-

12

tion at issue, namely : whether an account was stated on the date mentioned by the plaintiff. They are worthless as evidence, either, of any expression of opinion by the defendant himself, or as having any relevancy to the question of the defendant's agreement to pay the plaintiff's account. If we should assume, however, that the letters might be admissible in behalf of the defendant, as exhibiting his attitude towards the plaintiff, through the complaints of his agent, Beadnell, as to the results accomplished in producing a satisfactory machine, the insuperable objection to the admission of the copies, as secondary evidence, is in the lack of a sufficient foundation for their reception. There was no proof of an actual deposit of the originals in the post office and there was no sufficient proof of a course of office practice, or of business, from which a presumption might be legally indulged, that the letters had been carried to the post office and that they, therefore, had been received in due course of the mails by the plaintiff. The defendant testified to the paper writings being copies of original letters written by Beadnell ; that the originals were addressed to the plaintiff, sealed, stamped, and put in a box, or tray, " on my desk to be mailed in the post office, the same as I always do with every letter going from my office. * * * They were put in there for the purpose of being mailed by somebody in my employ. I am head of a big insurance company down there. The letters are taken from that tray periodically through the day * * * by the clerk, whose duty it was to gather up the mail and post it. That was the way that all the mail that emanated from my office always went through the post. That was the regular course of business in my office every day." No clerk, or employé, was called by the defendant, as a witness to prove anything further upon the subject of the posting of letters deposited in the box, or tray, described. This fell far short of proof warranting the presumption that the letters had been mailed. The rule upon the subject requires, where the question is whether a letter was sent by mail at a certain time, in the absence of any evidence as to its being deposited with the

post office authorities, that the proof shall establish the existence of a course of business, or of office practice, according to which it naturally would have been done. (See Stephen's Digest of Evidence, art. 13.) The cases require that the evidence shall go further upon the subject than it appears to have gone in this case. In the early case of *Hetherington* v. *Kemp*, (4 Camp. 192), where a letter was placed on a table, on which letters to go to the post office were usually placed, it was held that some evidence must be given that the letters were customarily taken from the table by the porter to put into the post office. Lord ELLENBOROUGH, in his opinion in that case, said "Had you called the porter, and he had said that although he had no recollection of the letter in question, he invariably carried to the post office all the letters found upon the table, this might have done." In the case mentioned in Greenleaf on Evidence, (Vol. 1, sec. 40), of *Skilbeck* v. *Garbett*, (9 Jur. 939), where a letter had been put into a box in the attorney's office, the evidence showed a course of business that a bellman of the post office "invariably called and took the letters from the box" and that was held to be sufficient to warrant the presumption that it reached its destination. The authority of *Hetherington* v. *Kemp* was recognized in this state in *Thallhimer* v. *Brinckerhoff*, (6 Cowen, 90, 100). In that case, copies of letters from the defendant to the plaintiff, contained in a letter book, were permitted to be read in evidence, against the objection that the evidence did not prove that the original letters were sent, upon the testimony of the defendant's clerk that "it was his invariable practice to carry the original letters to the post office, as soon as he had copied them in that letter book." It was held that this evidence came "fully up to what Lord ELLENBOROUGH, in *Hetherington* v. *Kemp*, (4 Camp. 192), held would be sufficient." In *Hastings* v. *Brooklyn Life Insurance Co.*, (138 N. Y. 473), where the mailing of a letter to the insured was in question, the secretary of the insurance company testified that he had placed the letter in a basket in the office, where letters to be mailed were usually placed; but there was, in addition to his testi-

mony, that of the porter in the office, to the effect that it was his business to take the letters from the basket and to mail them, and that "he mailed all letters found in the basket." That evidence was deemed sufficient to justify the submission of the question of the mailing to the jury.

It was essential, in this case, to the admissibility of the copies, that the testimony of the defendant as to the sending of the letters should have been supplemented by the further evidence of the clerk, or other employé, whose duty it was to post letters, that in the regular course of business he had invariably collected the letters upon the defendant's desk and had posted them. However strong the convictions and the statements of the defendant as to the usual mailing of the letters placed on his desk, there was the gap in the proof, created by the failure to show that regular practice, or custom, of carrying them to the post, by some one charged with that duty, from which a presumption would naturally arise of these letters having been posted. I think that the trial court committed no error in excluding the copies of letters offered by the defendant.

I advise the affirmance of the judgment appealed from.

Cullen, Ch. J., Edward T. Bartlett, Werner, Willard Bartlett and Hiscock, JJ., concur; Chase, J., absent.

Judgment affirmed, with costs.