■ ROBERT A. NELSON et al., Respondents, v. X-RAY SYSTEMS, INC., et al., Appellants.— Judgment unanimously reversed, on the law and facts, and a new trial granted, with costs to abide the event. Memorandum: Plaintiff Robert Nelson, formerly an X-ray technician at Brooks Hospital, brought an action to recover for personal injuries sustained by him when X-ray equipment furnished to the hospital by defendant X-Ray Systems and appended by them

to unistruts affixed to the ceiling of the X-ray room by codefendant Meister fell on him because a unistrut was inadequately attached. As one basis for imposing liability on X-Ray, plaintiff sought to establish that that defendant retained control over defendant Meister in the installation of the unistruts; X-Ray denied that it had any such control or liability and the court advised the jury of those contentions. With that issue squarely in the case and presented to the jury, it was prejudicial error, which affected a substantial right of X-Ray, for the court not to have sustained its objections to the testimony by Meister's president that "we were there under the supervision of X-Ray Systems" and that Meister's foreman "was there under the supervision of X-Ray Systems". This constituted opinion evidence by a lay witness on the very issue to be decided by the jury and was clearly inadmissible (*Hartley* v. *Szadkowski*, 32 A D 2d 550). The testimony should have been stricken and the jury instructed to disregard it. We also note that the records of Brooks Hospital relating to plaintiff as a patient should have born the certification or authorization of the hospital or have been qualified by a witness as evidence admissible under the class of entries made in the regular course of business (CPLR 4518, subd. [c]; *Ward* v. *Thistleton*, 32 A D 2d 846). Finally, were we not reversing the judgment because of the errors on the trial, we would grant a new trial unless plaintiffs stipulated to a reduction of the verdict, which we regard as excessive on the evidence of record. (Appeal from judgment of Erie Trial Term in negligence action.) Present — Moule, J. P., Simons, Mahoney, Goldman and Del Vecchio, JJ.