John V. Vaughn, J.
Defendant stands charged with a violation of section 511 of the Vehicle and Traffic Law in that he allegedly operated a motor vehicle while his license was revoked. The court has found that the defendant was operating a motor vehicle while his license to drive was revoked, however defendant argues that the People failed to establish a prima facie case because no competent evidence was presented to prove that the defendant had notice of the revocation.
The People argue that notice of the revocation is not required and need not be proven on a charge under section 511 of the Vehicle and Traffic Law. Alternatively, the People assert that they have met any burden of proof on this element that may be found to exist by their introduction at trial of a certified copy of a letter of the New York State Department of Motor Vehicles which contained the defendant’s address in the upper left hand corner and informed him that his license had been revoked for reasons stated therein.
It should be noted that no witnesses were called to testify that the above described letter was actually mailed to defendant and no affidavit of service by mail or other document was proffered to show that the letter was properly mailed. The People are relying upon the presumption of regularity to prove that the letter was actually mailed to the defendant and that defendant received notice of the revocation. Hence, the issues to be determined herein are whether notice of the prior revocation of one’s license is an element of the prima facie case, and if so, whether the presumption of regularity may properly be applied in this criminal prosecution to satisfy the notice requirement.
Although section 511 of the Vehicle and Traffic Law does not specifically state that notice to the defendant of the revocation of his license must be proved prior to a conviction under such section the court is of the opinion that such notice is an integral part of the People’s prima facie case. Section 511 of the Vehicle and Traffic Law should be read in conjunction with section 510 of the Vehicle and Traffic Law. Section *759 510 outlines the circumstances under which a revocation or suspension may occur and the procedures to be followed in effectuating the revocation or suspension. Subdivision 7 of section 510 states in part that "notice of revocation or suspension, as well as any required notice of hearing, where the holder is not present, may be given by mailing the same in writing to him at the address contained in his license or certificate of registration, as the case may be.” Due to the use of the term "may” in section 510 of the Vehicle and Trafile Law such section could be interpreted as not mandating that notice of revocation be given in all situations. The court is of the opinion that to so read section 510 would be to disregard the intent of the law. If no notice were required under section 510 of the Vehicle and Traffic Law then the provision would be silent as to this issue. By including a provision in this section whereby notice of the revocation "may” be given by mailing the Legislature did not intend to give the Department of Motor Vehicles the option of whether to notify a person of a suspension or revocation; rather the legislative intent was to specify one form of the required notice that could not be challenged for insufficiency. In addition, it strikes this court as a denial of the due process of the law to convict one of a misdemeanor under section 511 of the Vehicle and Traffic Law where such person has not been shown to have been given notice of a fact that he could not otherwise know (i.e., the revocation) especially where such fact is a chief element in the alleged criminal activity. (See People v Leyra, 302 NY 353; Loma Holding Corp. v Cripple Bush Realty Corp., 147 Misc 655, affd 240 App Div 1028, affd 265 NY 463; Ives v South Buffalo Ry. Co., 201 NY 271.) Apropos this issue, the Appellate Division (3d Dept) has held that it was a denial of due process to retain a prisoner as an insane person where no notice was given to the prisoner of the application for his retention, even though the statute did not require notice. (Troutman v State of New York, 273 App Div 619.)
It having been determined that notice of the revocation of defendant’s license is an element of the People’s prima facie case it must now be decided if a proper foundation was laid for the admission of such proof at trial. As stated above the People are relying on the presumption of regularity to sustain their position that the letter of the Department of Motor Vehicles was actually mailed to the defendant.
The People’s reliance on the presumption of regularity in *760 this case is misplaced and requires a dismissal for failure to establish a prima facie case (CPL 290.10). The leading pronouncement in this jurisdiction upon this subject is Gardam & Son v Batterson (198 NY 175). In that case the Court of Appeals held certain letters inadmissible for lack of a sufficient foundation even though the author of the letters testified that the originals had been addressed to the other party, sealed, stamped and placed in a tray on his desk to be mailed in the ordinary course of business by someone in his employ. The Court of Appeals held that the above testimony fell short of that required to give rise to the presumption that the letters were actually mailed. The court stated that where there is no evidence that the letters were delivered to the postal authorities proof is required to show the existence of a course of business, or office practice, according to which the letters would be so delivered. The testimony of the author of the letters did not satisfy this requirement, it being incumbent upon the proponent of the letters to call the appropriate employee to testify as to his regular practice of delivering mail to the postal authorities.
"It was essential, in this case, to the admissibility of the copies, that the testimony of the defendant as to the sending of the letters should have been supplemented by the further evidence of the clerk, or other employe[e], whose duty it was to post letters, that in the regular course of business he had invariably collected the letters upon the defendant’s desk and had posted them. However strong the convictions and the statements of the defendant as to the usual mailing of the letters placed on his desk, there was the gap in the proof, created by the failure to show that regular practice, or custom, of carrying them to the post, by some one charged with that duty, from which a presumption would naturally arise of these letters having been posted. I think that the trial court committed no error in excluding the copies of letters offered by the defendant.” (198 NY 175, 180, supra.)
The court is cognizant of the fact that the presumption of regularity as discussed above has, on occasion, been extended to include the doing of official acts by certain governmental entities. Professor Wigmore has described this presumption as "more often mentioned than enforced; and its scope as a real presumption is indefinite and hardly capable of reduction to rules.” (9 Wigmore, Evidence [3d ed., 1940], § 2534.) In Matter of Miller v Greene County (40 AD2d 738) the court presumed *761 that the Greene County Legislature undertook a thorough investigation of appellant’s application before rejecting the same, where no evidence to the contrary was introduced. Similarly, in Kane v Walsh (295 NY 198, 206) the Court of Appeals stated that one could not presume that a government official would act in an arbitrary, unreasonable, or capricious manner and that the legal presumption was that " 'public officials will discharge their duties honestly and in accordance with the rules of law.’ ” These cases merely hold that one may not presume that a governmental body will act in derogation of its duties. They do not, however, stand for the proposition that any act or function, no matter how routine or ministerial, which is to be done by a government employee may be presumed to have been accomplished in all instances and for any purpose.
The letter of the Department of Motor Vehicles which the People sought to introduce as evidence in the case at bar is clearly inadmissible under the rules discussed above for several reasons. There was no evidence introduced at trial that the letter was deposited with postal authorities and no employee of the department was called to testify that he deposited the letter with the postal authorities in the regular course of duties. Not even the author of the letter was called to testify that the letter was addressed and mailed to the defendant. All that can be presumed from the proffered letter is that it is a copy of a letter that is on file with the Department of Motor Vehicles in Albany. It is inadmissible for the purpose of proving that notice of revocation was mailed to defendant and accordingly the defendant’s motion to dismiss is granted upon the People’s failure to present a prima facie case under section 511 of the Vehicle and Traffic Law.
The trial on the charge of driving while intoxicated shall be held on May 5, 1975, at the First District Court, Hauppauge, New York.