Julian A. Hertz, J.
This decision is prompted by the need to call attention to an oft-repeated factual situation plainly requiring prompt corrective action. That there is some urgency therefor is the more apparent when it is observed that the summons part of this court, into which hundreds of miscellaneous and varied criminal processes pour each week, is presided over by one Judge who, more often than not, is bound to also serve as the prosecutor and the protector of the defendants’ rights.
In the two instances under consideration and in many other similar cases the defendants were charged with violation of section 511 of the Vehicle and Traffic Law, a section addressed to driving while under suspension or revocation of a license. Since many guilty pleas to similar charges are entered by defendants, requiring the court to impose a substantial fine of at least $50, and since such pleas involve the defendants’ *38 acquisition of a criminal record, obviously proceedings on the charge are not to be lightly regarded.
Specifically, however, and in order to highlight what appears as highly irregular is the singular fact that in those many cases before this part and in this county alone during the last month in which this Judge presided in this part, in not one case tried here on a not guilty plea to a section 511 of the Vehicle and Traffic Law charge, including cases where the Department of Motor Vehicles’ records have been subpoenaed by the court itself, has the record supported the charge.
Whether the fault is logistical and has to do with the production of complete records in response to the court’s subpoena, or with practical administrative problems relating to the processing of suspensions and revocations, or any other explanation, does not serve to ameliorate the situation. And the court is not unaware of the problem of notice sufficient to meet due process standards, a matter recently dealt with in the decision in People v Walsh (81 Misc 2d 757). The plain fact is that serious deficiencies of proof appear requiring either corrective departmental action or legislative attention. It is noted in passing that in the cases at bar no attempt at all was made to prove any form of notice.
The scope of the problem is underlined in the case of Mr. Blumenblatt, now before the court. The police communication regarding the status of defendant’s license resulted in information to the officer that there were five suspension orders effective against his license. Only subsequent to his arrest did the officer discover that three of those suspensions arose from multiple process issued on the same date.*
He stated that the arrest occurred in front of his own home, where he was placed in handcuffs and removed to the police station house. When it was learned that three of the citations had been issued on the same date, Mr. Blumenblatt was released from custody and given a universal summons charging violation of section 511 of the Vehicle and Traffic Law. x The arrest procedure described obviously adds a significant dimension to procedures of this kind and emphasizes the need for appropriate procedures, preliminary to trial, which vindi *39 cate the police action in those cases where multiple citations have gone unanswered.
Suffice it to state that at trial of both of these cases, and pursuant to this court’s own subpoena for the production of records, the first words from the representative of the Department of Motor Vehicles were advice to the court that the records produced showed no active suspensions as to either defendant on the charge date. An examination of the abstract produced bears out that assertion.
Nevertheless, the defendant Green produced a cash register receipt from the Department of Motor Vehicles indicating that he actually paid fines on three cases, totaling $75, levied by that department on March 11, 1975. Two of the paid items correspond with citation numbers noted on the reverse side of the summons issued by the officer who charged the defendant with violating section 511 of the Vehicle and Traffic Law. It follows that the records produced by the department were incorrect or incomplete.
In the case of the defendant Blumenblatt, no proof of payment of process was produced. His driver’s abstract does, however, show that on July 23, 1975, he filed answers to three summonses. But with respect to the charge date (Oct. 29, 1974) the abstract discloses nothing pertaining to suspensions of his license.
The court deems it appropriate to note that because of other similarly deficient cases adjudicated in this court, a communication has been had with the department to alert it to the problem. Even if that aspect is resolved so that a computer printout is produced showing suspensions as charged, the court directs the department’s attention to the fact that no attempt was made to prove adequate notice of suspension or revocation.
The court now finds each of the defendants not guilty of the charge of violating section 511 of the Vehicle and Traffic Law.

 New York City Police Departmental Interim Order No. 9, effective December 31, 1974, requires that where there are three or more unrelated suspensions or revocations open against a license, there must be an arrest and processing for a desk appearance ticket. Less than three unrelated suspensions or revocations permit issuance of a universal summons at the scene.