Ascher Katz, J.
Defendant is charged with driving while his license was suspended in violation of section 511 of the Vehicle and Traffic Law. At the trial Police Officer Daniel Genet of the Greenburgh Police Department testified that on the date in question he stopped a blue 1968 Pontiac traveling 50 miles per hour in a 30-mile zone northbound on Central Avenue, Town of Greenburgh, County of Westchester. Upon demand, defendant produced his license. The officer testified that he observed that it had expired May 31, 1975, and further, a computer check revealed that defendant’s license had been suspended. After defendant was identified at the trial by the police officer, the police officer testified further that he had given defendant his rights, and in the booking room of the police station, had shown defendant the teletype indicating that defendant had been convicted of driving while intoxicated and that his license had been suspended; defendant stated words to the effect "Well, I guess so.” The People introduced into evidence the certified copy of certificate of conviction of the Town Justice Court of Mt. Pleasant dated October 29, 1975 showing that on September 3, 1975 defendant had been convicted of the offense of "Driving while impaired § 1192-1”. The instant offense occurred on October 8, 1975, within the 60-day period of suspension. At the close of *456 the People’s case, defendant moved to dismiss, and decision was reserved. Defendant then rested.
Defendant relies on People v Evans (79 Misc 2d 131) where the court dismissed the charge of violation of section 511 of the Vehicle and Traffic Law where it was shown that the defendant never had any license. People v Evans is not applicable. Subdivision 1 of section 509 of the Vehicle and Traffic Law has been construed to require the defendant to exhibit his driver’s license on demand to a police officer. (People v Cortes, 86 Misc 2d 155.) The refusal of the defendant to produce a driver’s license upon request by a police officer raises a rebuttal presumption that he is not duly licensed under section 509 of the Vehicle and Traffic Law. (People v Wapner, 84 Misc 2d 371.) Here defendant did exhibit a driver’s license which had expired. Subdivision 1 of section 510 provides that a learner’s permit or a license which has expired, but which is renewable, shall be deemed to be a license within the meaning of the section.
Defendant further objects to the consideration of the certificate of conviction in the Town of Mt. Pleasant, citing People v Walsh (81 Misc 2d 757), holding that a notice of revocation from the Department of Motor Vehicles, without proof of mailing to defendant, would not support a conviction under section 511 of the Vehicle and Traffic Law, since notice of suspension is an element of the offense. It is necessary to show that the letter in question had been placed in the channels of mail by the particular person who was charged with mailing same. (See Gardam & Son v Batterson, 198 NY 175.) The certificate of conviction of the Mt. Pleasant court is receivable in evidence and probative of the prior conviction of the defendant. The general presumption that no official acting under oath of office will do anything contrary to his official duty should be given effect. (Matter of Marcellus, 165 NY 70.) The presumption compels the adversary to come forward with affirmative evidence of unlawful or irregular conduct to get the presumption out of the case. (See People v Richetti, 302 NY 290.) There was no showing that there was any defect in the Mt. Pleasant certificate of conviction. There is no showing that defendant was not actually present during sentencing in the Mt. Pleasant court. It follows that the notice of revocation by the Mt. Pleasant court was duly and properly transmitted to the defendant upon his sentence.
*457 Accordingly, the court finds the defendant guilty as charged.