**In re WILLIAM B. KESSLER, INC., Debtor.**

**Bankruptcy No. 80 B 11966.**

United States Bankruptcy Court, S.D. New York.

April 29, 1983.

Levin & Weintraub & Crames, New York City, for debtor.

Booth, Lipton & Lipton, New York City, for Amalgamated Ins. Fund.

## DECISION ON APPLICATION OF BOOTH, LIPTON & LIPTON FOR AN EXTENSION OF TIME TO FILE NOTICE OF APPEAL

EDWARD J. RYAN, Bankruptcy Judge.

On the 21st day of November 1980, William B. Kessler, Inc., the debtor herein, filed its petition for reorganization under Chapter 11 of the Code. After appropriate proceedings, the claim of the Amalgamated Insurance Fund (the Fund) was reclassified to the status of a general unsecured claim. No appeal was taken as of right within the ten-day period prescribed by Bankruptcy Rule 802.

Booth, Lipton & Lipton, attorneys for the Fund, apply for an order granting the Fund additional time to appeal from an order of this court, entered on November 9, 1982 (the order). The issues before this court are two-fold: (1) Did Levin & Weintraub & Crames, attorneys for the debtor, complete proper service of the order on Booth, Lipton & Lipton; and (2) Do the facts surrounding

the failure of Booth, Lipton & Lipton to file a timely notice of appeal constitute excusable neglect within the meaning of Section 802(c) of the Bankruptcy Rules?[1]

 A careful scrutiny of the entire record indicates that proper service was in fact made on Booth, Lipton & Lipton.

Rule 5(b) of the Federal Rules of Civil Procedure, made applicable to bankruptcy proceedings by Bankruptcy Rule 705, permits service of an order upon the attorney representing a party by "handing it to the attorney ... or leaving it at his office with his clerk or other person in charge thereof...." There is a rebuttable presumption that papers properly addressed and delivered to a messenger service for transmission have been properly delivered.

In this case, Levin & Weintraub & Crames gave the order in question to the Grace Messenger Service, which, acting as agent for Levin & Weintraub & Crames, completed delivery to the law offices of Booth, Lipton & Lipton. The record discloses that (a) the order was properly addressed, and (b) Grace followed a course of business and office practice according to which the order would naturally have been delivered. See *A & B Service Station, Inc. v. State of New York*, 376 N.Y.S.2d 656, 50 A.D.2d 973 (N.Y.A.D.1975); *Gardam & Son v. Batterson*, 198 N.Y. 175, 91 N.E. 371 (1910).

The mere denial of receipt by Booth, Lipton & Lipton is insufficient to rebut this presumption. *DeForte v. Doctor's Hospital of Staten Island*, 66 A.D.2d 792, 410 N.Y. S.2d 903 (1978).[2]

However, despite the finding of proper service, there are sufficient grounds for this court to grant Booth, Lipton & Lipton an extension of time to appeal the entry of the order.

Pursuant to Bankruptcy Rule 802(c), a request to extend the time for filing a notice of appeal made within twenty days from the time otherwise prescribed by the Rule, may be granted upon a showing of excusable neglect.

 The burden of proving excusable neglect is on the party seeking the extension. *In re Rogers*, 2 B.R. 485 (Bkrtcy.W.D.Va. 1979).

 The record herein shows that Booth, Lipton & Lipton has effectively met this burden. The extreme illness of the partner in charge of the case, the confusion caused by the merger and relocation of the Booth, Lipton & Lipton law offices, the inability to locate the case file, the prompt action taken to rectify the situation, the magnitude of the controversy, the brevity of the delay, and the absence of prejudice to the appellee constitute, in the aggregate, a combination of circumstances rising to "excusable neglect" within the meaning of Rule 802(c).

The authorities relied upon by appellee are distinguishable. In none of them was such a concatenation of events and circumstances presented as appears here.

The Fund's application for an extension of time in which to file a notice of appeal is granted.

It is so ordered.

---

1. Bankruptcy Rule 802(c) reads as follows:

    (c) *Extension of Time for Appeal.* The referee may extend the time for filing the notice of appeal by any party for a period not to exceed 20 days from the expiration of the time otherwise prescribed by this rule. A request to extend the time for filing a notice of appeal must be made before such time has expired, except that a request made after the

expiration of such time may be granted upon a showing of excusable neglect, if the judgment or order does not authorize the sale of any property.

2. Although this presumption relates to service of process, it is a fair inference that the presumption extends to service of other papers as well.