OPINION OF THE COURT
Donald J. Mark, J.
This is an appeal from the Town Court of the Town of Henrietta, convicting the defendant of the crime of operating a motor vehicle while his license was revoked, in violation of subdivision 1 of section 511 of the Vehicle and Traffic Law, after a nonjury trial.
During the course of the trial, the People introduced into evidence as exhibits, among others, an order of revocation addressed to the defendant and an affidavit of regularity to show proof of mailing. The defendant denied that he had received a copy of the revocation order and claimed that the presumption that a mailed notice was received should not have been invoked because the said two exhibits were *438 improperly received into evidence. The defendant seeks a reversal of his conviction upon that ground.
The law is clear that the People must prove that notice of revocation was given to the defendant and without such proof of notice a valid revocation of the defendant’s operator’s license is not possible (People v Emmanuel, 82 Misc 2d 298), and the People cannot rely upon the presumption of regularity to prove that the notice was actually mailed to the defendant and that the defendant received notice of revocation (People v Walsh, 81 Misc 2d 757). The law is equally clear that a notice shown to have been properly addressed, stamped and mailed is presumed to have been delivered in the due course of mail (Dulberg v Equitable Life Assur. Soc., 277 NY 17).
The defendant objected to the introduction of the order of revocation into evidence upon the grounds that (1) there was insufficient proof of mailing; (2) the order of revocation contained no date, and (3) the revocation order cited an incorrect section of the Vehicle and Traffic Law. All three objections by the defendant were overruled by the trial court. Since the ruling regarding defendant’s objections to the receipt of the affidavit of regularity will be dispositive of this case, these objections need not be considered (People v Doe, 59 NY2d 655).
The defendant objected to the introduction of the affidavit of regularity into evidence upon the grounds that (1) there was insufficient proof of mailing; (2) the affidavit was not a business record because (a) there was no testimony that it was made in the regular course of business, (b) it had not been subpoenaed, and (c) it was hearsay; (3) the affidavit was prepared solely for litigation; (4) the affidavit was not properly certified, and (5) the affidavit was not a public document. All five objections by the defendant were overruled by the trial court.
Each one of the five objections of the defendant to the admission into evidence of the affidavit of regularity will be considered seriatim.
(1) Proof of mailing in the affidavit of regularity was insufficient.
The critical portion of the affidavit of regularity reads as follows: “8. That upon information and belief, personnel in *439 the mailroom process the mail in a postage meter machine and pack the mail in bags supplied by the United States Postal Service and such bags are collected by personnel of the United States Postal Service for delivery.” This paragraph has been attacked because of its failure to demonstrate that the revocation order was in fact mailed to the defendant.
Where there is proof of an office practice and procedure followed by an entity in the regular course of its business which shows that notices have been duly addressed and mailed, a presumption arises that that notice has been received by the addressee, and a denial of receipt, stánding alone, is insufficient to rebut the presumption (Nassau Ins. Co. v Murray, 46 NY2d 828). However, in order for this presumption to arise, the evidence must show that an employee in the regular course of business compared the notices to be mailed against a master list of notices supposed to be mailed (Empire Mut. Ins. Co. v Sash, 46 NY2d 828; Manning v Boston Old Colony Ins. Co., 48 AD2d 838), and that an employee in the regular course of business delivered the notices into the. custody of the United States Postal Service (Nassau Ins. Co. v Murray, supra; Gardam & Son v Batterson, 198 NY 175).
Omitted from the affidavit is any assertion that an employee of the Department of Motor Vehicles compared the notices to be mailed with a master list of individuals whose licenses were revoked, and this omission is fatal. Also, the statement “upon information and belief” that revocation notices were stamped, packed in mailbags and collected by postal personnel, because not based upon the personal knowledge of the affiant employee, falls far short of the exactitude of mailing required (see Manning v Boston Old Colony Ins. Co., supra [employee “presumed” she had mailed notices]). Thus, this affidavit fails in the two aspects just delineated to invoke the presumption that the defendant received the order of revocation addressed to him.
Salient portions of the affidavit read as follows: “5. That copy No. 1 is placed in a window envelope. This is the licensee’s or registrant’s copy” and “6. That this envelope is placed in an appropriate outgoing mail basket.” A further *440 recital that the names on all the copies in the window envelopes in the mail basket were compared with the names on all the retained copies in possession of the Department of Motor Vehicles prior to the notices being collected from such mail basket would seem to comply with the “comparison” requirement of the case law. And the exclusion of the terminology “upon information and belief” from paragraph 8 would seem to satisfy the “mailing” requirement of the said cases.
The defendant’s objection to the admission of this exhibit on this ground should have been sustained.
(2) The affidavit of regularity was not a business record.
In support of this objection, the defendant claims (a) that the affidavit should not have been received into evidence as a business record under CPLR 4518 (subd [a]) because no witness from the Department of Motor Vehicles testified that this document was made in the regular course of business. Although there is case law to the contrary (People v Porter, 46 AD2d 307; Matter of Robert P., 40 AD2d 638; Matter of Kevin G., 80 Misc 2d 517), the Court of Appeals has indicated that testimony is necessary for the admission of a document claimed to have been made in the regular course of business (People v Gower, 42 NY2d 117).
Also in support, of this objection the defendant claims (b) that the affidavit should not have been received into evidence as a business record under CPLR 4518 (subd [c]) because the document was not subpoenaed pursuant to CPLR 2307 (subd [a]). CPLR 4518 (subd [c]) provides for the admission of records referred to in CPLR 2306 and 2307 and 2307 (subd [a]) provides for the serving of a subpoena duces tecum upon a governmental agency requiring the production of records. Although there is commentary that voluntary production of records capable of being subpoenaed satisfies CPLR 4518 (subd [c]) (McLaughlin, Supplementary Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, 1964-1982 Supp Pamph, CPLR 4518, p 260), the law would seem to be otherwise (People v Hoots, 102 Misc 2d 1004; see Nelson v X-Ray Systems, 46 AD2d 995).
In support of this objection the defendant also claims (c) that the affidavit should not have been received into evi *441 dence as a business record because it was a hearsay affidavit. An affidavit is hearsay if offered as a testimonial assertion (Bookman v Stegman, 105 NY 621), and this is the case here.
The defendant’s objections to the admission of this affidavit upon these grounds should have been sustained.
(3) The affidavit was prepared solely for litigation.
The defendant objected to the introduction of the affidavit of regularity into evidence upon the ground that this document was prepared solely for the purpose of litigation. A document made outside of the ordinary course of a governmental agency’s business solely for instant litigation should be excluded from evidence (People v Roth, 11 NY2d 80; People v Samuels, 302 NY 163). Where it is the regular course of business of a governmental agency to maintain records for a business reason, the fact that such record may later be used in litigation, which was not the sole purpose when it was made, does not prohibit its use at trial (People v Foster, 27 NY2d 47). Here there is no showing that the affidavit has been prepared for any business reason; on the contrary, it would seem that it was prepared solely for the purpose of the instant litigation.
The defendant’s objection to the admission of this exhibit upon this ground should have been sustained.
(4) The affidavit was not properly certified.
The defendant objected to the introduction of the affidavit of regularity into evidence on the ground that the affidavit was not properly certified pursuant to the applicable rules of the CPLR. The affidavit is an ordinary affidavit containing the signature of the affiant and the jurat. The document also contains these notations: “Certified in Albany County” and “Certified in Rensselaer County”. No certification in the form prescribed in form 11:23 of Standard Civil Practice Service (vol 11, p 284) and form 56.66 of Carmody-Wait 2d (vol 8, p 142) was present on this document (see Mutual Ventures v Barondess, 17 Misc 2d 483) nor was any seal found thereon.
CPLR 4540 (subd [a]) authorizes certification of a copy of an official record by the public officer and CPLR 4540 (subd [b]) permits such authorization by the officer’s signature or *442 its facsimile and the accompanying seal. CPLR 4543 authorizés proof of the accuracy of the document by any method authorized by any applicable statute or by the rules of evidence in common law. The alleged certification here did not comply with either CPLR 4540 (subds [a], [b]) (Welde v Wolfson, 32 AD2d 973) or 4543, neither the first category (People v Hoats, supra), nor the second category (People v Reese, 258 NY 89).
The defendant’s objection to the admission of this exhibit upon this ground should have been sustained.
(5) The affidavit was not a public document.
The defendant objected to the introduction of the affidavit of regularity into evidence on the ground that the affidavit was not admissible evidence either under CPLR 4520 or under the common-law exception. CPLR 4520 provides that where a public officer is authorized by law to make an affidavit in the course of his official duties and to file it in a public office, the affidavit so filed is prima facie evidence of the facts stated. Under the common-law exception, when a public officer is authorized by the nature of his official duties to keep records during the course of his duties, the record so made is admissible into evidence (People v Nisonoff, 293 NY 597, cert den 326 US 745).
This document does not comply with the requirements of either CPLR 4520 or the common-law exception because there was no demonstration that the affidavit was a public document which a public officer in the Department of Motor Vehicles was required to make in the course of his official duties and to file it in that office. Without such proof either by the presentation of the applicable statute or by a request that the court take judicial notice of the same, the affidavit is just that (Bookman v Stegman, supra) and not a public document (see People v Hoats, supra).
The defendant’s objection to the admission of this exhibit upon this ground should have been sustained.
Since all of the defendant’s objections to the admission into evidence of the affidavit of regularity should have been sustained, the said exhibit should not have been received into evidence. In the absence of proof of mailing, the conviction for operating a motor vehicle while license was revoked cannot stand.
*443 Accordingly, the defendant's conviction for the crime of operating a motor vehicle while license was revoked is reversed.