■ In the Matter of DAMON J., a Person Alleged to be a Juvenile Delinquent, Appellant.—In a juvenile delinquency proceeding pursuant to Family Court Act article 3, the appeal is from an order of disposition of the Family Court, Queens County (Cozier, J.), dated October 23, 1987, which upon a fact-finding order of the same court, dated September 9, 1987, made after a hearing, finding that the appellant had committed an act which, if committed by an adult, would have constituted the crime of assault in the third degree, adjudged him to be a juvenile delinquent and placed him on probation for a period of one year. The appeal brings up for review the propriety of the fact-finding determination.

Ordered that the order is affirmed, without costs or disbursements.

Contrary to the appellant's contentions, we find that the Family Court did not err in refusing to consider the contents of an uncertified hospital record. The appellant sought to introduce the hospital record of the complainant in an effort to demonstrate that she did not sustain "physical injury", as that term is defined in Penal Law § 10.00 (9). However, Family Court Act § 744 (a) provides that "[o]nly evidence that is competent, material and relevant may be admitted in a fact-finding hearing". CPLR 4518 (c), in turn, requires that hospital records must bear a certification or authentication in order to be admitted as evidence. Because there was a failure to comply with the statutory rules governing the admissibility of proof, the Family Court's ruling with respect to the complainant's hospital records was appropriate (see, O'Connor v Incorporated Vil. of Port Jefferson, 104 AD2d 861; Diamond v Acker, 78 AD2d 546; Nelson v X-Ray Sys., 46 AD2d 995).

Finally we agree with the Family Court that the evidence regarding the complainant's physical injuries was sufficient to sustain a charge of assault in the third degree (see, People v Martino, 112 AD2d 1049, lv denied 66 NY2d 616; Matter of Ramon M., 109 AD2d 882; People v Coward, 100 AD2d 628). Thompson, J. P., Lawrence, Rubin and Eiber, JJ., concur.