OPINION OF THE COURT
John R. Schwartz, J.
At issue in this prosecution for aggravated unlicensed opera *593 tion of a motor vehicle in the second degree (an unclassified misdemeanor in violation of Vehicle and Traffic Law § 511 [2]) is the admissibility of an affidavit offered by the People pursuant to Vehicle and Traffic Law § 214 to prove that the defendant knew her license had been suspended or revoked.
A person violates section 511 (2) of the Vehicle and Traffic Law when he or she drives a motor vehicle on a public highway "while knowing or having reason to know that his [her] license * * * is suspended or revoked.” (Vehicle and Traffic Law § 511 [1].) Thus, to satisfy the key element of intent, the People must establish, prima facie, that the defendant received notice of the suspension or revocation (see, People v Walsh, 81 Misc 2d 757; People v Emmanuel, 82 Misc 2d 298). To obtain a conviction, of course, this proof as well as every other element of the crime must be established beyond a reasonable doubt.
The court recognizes that the number of people driving with revoked or suspended operator’s licenses is a serious problem in New York State. In a large municipal court such as the City Court of Rochester, for instance, there were 164 people charged with aggravated unlicensed operation of a motor vehicle in the month of January 1989 alone, averaging 6.55 persons per day. Certainly, the Legislature and the courts bear a heavy responsibility in dealing with this problem.
However, by making a violation of section 511 (2) of the Vehicle and Traffic Law a misdemeanor, the Legislature has also created serious proof problems for the prosecution because each and every element of the crime must be established beyond a reasonable doubt.
The court is also cognizant that establishing proof of notice, even prima facie proof, has turned out to be a frustrating task for prosecutors in those cases where the only notice from the Department of Motor Vehicles is by mail. (See, Supporting Mem, Vehicle and Traffic Law § 214, L 1987, ch 688, reprinted in 1987 NY Legis Ann, at 241-242.) Where the People have failed to offer sufficient proof of mailing, courts are left with no other choice but to dismiss. (CPL 290.10; see, e.g., People v Walsh, supra; People v Emmanuel, supra; People v D’Agostino, 120 Misc 2d 437; People v Green, 84 Misc 2d 37.)
In People v D’Agostino (120 Misc 2d 437, supra), in an attempt to overcome the proof problems referred to in People v Walsh (supra), People v Emmanuel (supra), and People v Green (supra), the People introduced into evidence as exhibits *594 an order of revocation addressed to the defendant, and an affidavit of regularity to show proof of the mailing of the order of revocation to the defendant. The court in reversing the defendant’s conviction in the lower court held that the affidavit of regularity was inadmissible on five separate grounds: (1) proof of mailing of the affidavit was insufficient; (2) the affidaivit of regularity was not a business record; (3) the affidavit was prepared solely for litigation; (4) the affidavit is not properly certified; and (5) the affidavit was not a public document.
Recognizing the frustration prosecutors have had in the past in attempting to establish even prima facie proof that the notice of suspension or revocation has been mailed to the defendant,* the Legislature enacted Vehicle and Traffic Law § 214 (L 1987, ch 688) which provides as follows: "The production of a copy of the notice of suspension or revocation together with an electronically-generated record of entry of the suspension or revocation upon the appropriate driver’s license or registration file of the department and an affidavit by an employee designated by the commissioner as having responsibility for the issuance of such suspension or revocation setting forth the procedure for the issuance and the mailing of such notice of suspension or revocation shall be presumptive evidence that such notice of suspension or revocation was produced and mailed in accordance with such procedures.”
While the legislative concern about past proof problems is also a concern of the courts, and legislative enactments are presumed constitutional (McKinney’s Cons Laws of NY, Book 1, Statutes § 150), the court is equally concerned with the defendant’s right to "due process” (US Const 5th Amend) and the defendant’s right to "confront * * * witnesses” (US Const 6th Amend).
Here, as part of the People’s proof, they have offered into evidence a form affidavit produced by the Department of Motor Vehicles and signed by June Gardner, head driver improvement examiner. The People argue that while the affidavit may have been inadmissible at the time of D’Agostino (supra), this affidavit, which complies with the language of Vehicle and Traffic Law § 214, is now admissible pursuant to the new statute.
While affidavits may be admissible as evidence in a judicial *595 proceeding because a law declares them to be so (People ex rel. Vogler v Walsh, 87 NY 481, 485) this does not mean the court must blindly admit any document purporting to be an affidavit made pursuant to section 214. The facts contained in the affidavit still must establish the Department of Motor Vehicles’ regular course of business in regard to mailing procedure.
Here, the key allegations relating to delivery to postal authorities are merely hearsay, and must be disregarded by the court. (Cf., Bossuk v Steinberg, 58 NY2d 916 [finding sufficient proof of mailing where testimony as to regular course of business was based on witness’s personal knowledge and not on hearsay].) A defendant confronted with hearsay evidence has no opportunity to cross-examine for the purpose of determining what weight, if any, should be given to the hearsay testimony. This deprivation of the right to cross-examination is the principal justification for the rule disallowing hearsay. (Richardson, Evidence § 201 [Prince 10th ed]; Wigmore, Evidence, §§ 1361, 1362; see also, Master Nav. Co. v Great Circle Shipping Corp., 86 Misc 2d 829, 831.) Since "[w]hat is ultimately at stake * * * is the right of confrontation” (People v Garneau, 120 AD2d 112, 117), exceptions to the hearsay rule must not be applied absent strict statutory compliance (see, People v Garneau, supra). While the statute here creates an exception to the personal knowledge of the Department of Motor Vehicles employee, the exception must stop there. To allow a second layer of hearsay in the form of allegations made "upon information and belief’ would be stretching defendant’s right of confrontation to the constitutional breaking point.
Without these allegations, the affidavit is insufficient to invoke the presumption that the defendant received the order of revocation, and is therefore inadmissible despite Vehicle and Traffic Law § 214. Nor does it fall under any other exception to the hearsay rule. (People v D’Agostino, supra.) As the People have not presented any other evidence pertaining to defendant’s knowledge that her license had been revoked, the misdemeanor information must be dismissed pursuant to CPL 290.10 for failure to present a prima facie case.

 See, Bill Jacket to Vehicle and Traffic Law § 214 (L 1987, ch 688).