*685 OPINION OF THE COURT
William M. Erlbaum, J.
DISMISSAL OF AGGRAVATED UNLICENSED OPERATION OF A MOTOR VEHICLE IN THE SECOND DEGREE
The defendant moves to dismiss the aggravated unlicensed operation of a motor vehicle in the second degree count as defective (CPL 170.30 [1] [a]; 170.35). The court has read the information, along with the supporting deposition, namely a certified copy of the defendant’s "Abstract of Driving Record,” and finds it to meet the requirements for facial sufficiency pursuant to CPL 100.15 and 100.40.
A legally sufficient information must contain nonhearsay allegations establishing, if true, every element of the offense charged and the defendant’s commission thereof. An information which fails to satisfy these requirements is jurisdiction-ally defective (see, CPL 100.40 [1]; 100.15 [3]; People v Alejandro, 70 NY2d 133).
The defendant herein is charged with aggravated unlicensed operation of a motor vehicle in the second degree pursuant to Vehicle and Traffic Law § 511 (2) (a) (iv) which reads as follows:
"Aggravated unlicensed operation of a motor vehicle in the second degree, (a) A person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the second degree when such person commits the offense of aggravated unlicensed operation of a motor vehicle in the third degree as defined in subdivision one of this section; and * * *
"(iv) such person has in effect three or more suspensions, imposed on at least three separate dates, for failure to answer, appear or pay a fine, pursuant to subdivision three of section two hundred twenty-six or subdivision four-a of section five hundred ten of this chapter.”
The underlying offense of aggravated unlicensed operation of a motor vehicle in the third degree pursuant to Vehicle and Traffic Law § 511 (1) (a) reads as follows:
"Operation while license or privilege is suspended or revoked; aggravated unlicensed operation.
"1. Aggravated unlicensed operation of a motor vehicle in the third degree.
"(a) A person is guilty of the offense of aggravated unlicensed operation of a motor vehicle in the third degree when *686 such person operates a motor vehicle upon a public highway while knowing or having reason to know that such person’s license or privilege of operating such motor vehicle in this state or privilege of obtaining a license to operate such motor vehicle issued by the commissioner is suspended, revoked or otherwise withdrawn by the commissioner.”
The factual allegations contained in the instant information read as follows:
"The deponent states that at the above mentioned date, time and place of occurrence he did observe the defendant, Javier Rodriguez, driving a blue 1987 Subaru, New York license plate number E927MY. The deponent further observed defendant Rodriguez fail to stop said Subaru at a steady red traffic signal at the above described location. The deponent further states that the defendant was unable to produce a driver’s license. The deponent further states that he did perform a Department of Motor Vehicle check on the above named defendant and said check did state that the defendant did have 29 suspensions on twelve dates.
"The deponent further states that he obtained and read a teletype printout of the New York State Department of Motor Vehicles, which records are made and obtained in the regular course of business within a reasonable time after the event or occurrence, and said records showed that the defendant’s license to operate a motor vehicle was suspended on ten or more occasions, namely, three times on 9/12/92, three times on 8/20/91, three times on 8/19/91, three times on 7/26/91, two times on 9/14/90, two times on 4/20/90, two times on 9/19/89, five times on 11/20/88, one time on 6/27/88, three times on 4/18/88, one time on 1/10/88, and one time on 10/19/87.”
The defendant argues for dismissal on the ground that the accusatory instrument lacks an essential element of this offense, namely that the defendant had knowledge that his license was suspended at the time of the instant offense. The defendant relies on several lower court cases from various jurisdictions and Vehicle and Traffic Law § 214 to support his position. Vehicle and Traffic Law § 214 reads as follows:
"Proof of mailing of notice or order.
"The production of a copy of a notice or order issued by the department, together with an electronically-generated record of entry of such order or notice upon the appropriate driver’s license or registration file of the department and an affidavit *687 by an employee designated by the commissioner as having responsibility for the issuance of such order or notice issued by the department setting forth the procedure for the issuance and the mailing of such notice or order shall be presumptive evidence that such notice of suspension, revocation or order was produced and mailed in accordance with such procedures. The foregoing procedure shall not preclude the use of an affidavit of service by mail, a certificate of mailing or proof of certified or registered mail as proof of mailing of any such order or notice.”
As defendant correctly points out, the Legislature created a statutory presumption of notice of suspension or revocation with the enactment of Vehicle and Traffic Law § 214. The defendant’s main contention is that the three documents required by Vehicle and Traffic Law § 214 must be filed in order to convert the accusatory instrument into an information. The People dispute this and argue that this section may be utilized by the People at trial so as to relieve them of the burden of producing Department of Motor Vehicles officials to testify at trial. The People argue that the production of a certified copy of defendant’s "Abstract of Driving Record” is sufficient to convert the instrument into an information and provide the basis for a valid declaration of readiness for trial.
The court notes that the language of the statute, Vehicle and Traffic Law § 511, insofar as it relates to the issue of an operator’s knowledge of suspensions or revocations of his driving privileges utilizes the following language: "While knowing or having reason to know that such person’s license * * * is suspended, revoked or otherwise withdrawn by the commissioner.” (Vehicle and Traffic Law § 511 [1] [a] [emphasis added].) Clearly, by the plain language of the statute, there is no requirement that it be shown that the operator had actual knowledge that his license was suspended or revoked. The statute merely requires that he have "reason to know” that such suspension or revocation is in effect.
Applying the plain meaning of the statute to the factual allegations in the case at bar, the court finds that the information is facially sufficient for pleading purposes. In addition to the allegation that upon being stopped by the police the defendant was unable to produce a driver’s license, the officer did a check with the Department of Motor Vehicles which indicated that the defendant had 29 suspensions on 12 dates. The People have filed, as a supporting deposition, a certified copy of the defendant’s "Abstract of Driving Record.” Said *688 document is dated November 26, 1994 and includes the defendant’s name and motorist identification number. It lists 29 separate suspensions occurring between October 10, 1987 and continuing until September 12, 1992, all but one of which being for "Failure to Answer Summons,” with a single "Failure to Pay Fine” completing the record.
As noted in People v Howell (158 Misc 2d 653, 655), all traffic summonses have printed on them "if you do not answer this ticket by mail within fifteen (15) days, your license will be suspended.” The court in Howell (supra) denied the defendant’s motion for dismissal of aggravated unlicensed operation in the third degree on facial sufficiency grounds, finding that the supporting deposition provided reasonable cause to believe that defendant committed the offense charged even though a copy of the teletype printout of defendant’s suspensions was not attached.
The court has found two reported cases which deal with the admissibility at trial of documents required by Vehicle and Traffic Law § 214, People v Kollore (151 Misc 2d 384) and People v Parson (143 Misc 2d 592). The court in Parson (supra) found the affidavit from the Department of Motor Vehicles inadmissible as presented by the People at trial as it did not fall under any exception to the hearsay rule. However, in Kollore (supra,), the court found said affidavit to be presumptive evidence that notice of suspension or revocation was produced and mailed in accordance with the regular procedures of the Department of Motor Vehicles and, therefore, held it admissible at trial under CPLR 4520 and the common-law public records exception to the hearsay rule.
Returning to the case at bar, the court finds that a fair reading of the accusatory instrument, together with the defendant’s "Abstract of Driving Record,” is sufficient to establish reasonable cause to believe defendant knew or had reason to know that his license was suspended at the time of the instant offense.
The court is unpersuaded by the cases of coordinate jurisdiction cited by the defendant in support of his motion and instead will follow the holding in People v Gabriel (164 Misc 2d 473), in which Judge Robert McDonald of this court found that use of the alternate term "while knowing or having reason to know” found in Vehicle and Traffic Law § 511 indicates that proof of defendant’s scienter is a question for trial. Accordingly, the motion to dismiss is denied.
*689 SPEEDY TRIAL
The defendant moves to dismiss the information on the ground that his right to a speedy trial has been denied pursuant to CPL 30.30 (1) (c) and 170.30 (1) (d). The defendant predicates this motion on this court having found that the instant accusatory instrument had not been properly converted to an information thereby rendering the People’s announcement of readiness on January 11, 1995 a nullity. In view of this court’s denial of defendant’s motion to dismiss for facial insufficiency and finding that the accusatory instrument has been properly converted, defendant’s motion to dismiss on speedy trial grounds is, in all respects, denied.