OPINION OF THE COURT
Victor M. Ort, J.
The court has inspected the Grand Jury minutes, in camera, and finds that it is not necessary to release the minutes or any *944 portion thereof to the defendant’s attorney to assist the court in making the determination (CPL 210.30 [3]).
A Grand Jury may indict a person for an offense when the evidence before it is legally sufficient to establish that the person committed such offense and when competent and admissible evidence before it provides reasonable cause to believe the person committed the offense. (CPL 190.65.) There must be a prima facie case such that the evidence viewed in the light most favorable to the People, if unexplained and uncontradicted, would warrant conviction by a petit jury. (People v Galatro, 84 NY2d 160 [1994].)
Upon inspection of the Grand Jury minutes, this court finds that the evidence before the Grand Jury was legally sufficient to support the crimes charged in six of the seven counts set forth in the indictment. With respect to the third count of the indictment, which charges defendant with aggrávated unlicensed operation of a motor vehicle in the third degree in violation of section 511 (1) of the Vehicle and Traffic Law, the court finds the evidence lacking. The. essential elements comprising the offense of operating with a suspended license are (1) that defendant was driving the vehicle, (2) that defendant’s license was suspended, and (3) that defendant knew or had reason to know of the suspension.
The lower courts which have considered the issue appear to be: divided on the question of what documentation must be submitted to a local criminal court in order to convert a misdemeanor complaint into a legally sufficient information charging the crime of aggravated unlicensed operation of a motor vehicle. In People v Rodriguez (165 Misc 2d 684 [Crim Ct, Queens County 1995]) the court held that submitting a certified copy of the defendant’s "Abstract of Driving Record” was sufficient to convert the misdemeanor complaint into an information, the accusatory instrument on which the defendant could be prosecuted in Criminal Court. The court further held that it was not necessary to submit an affidavit from a Department of Motor Vehicles employee as to the Department’s procedures for the mailing of the notice of suspension in order to establish that defendant knew or should have known of the license suspension. Conversely, in People v Parson (143 Misc 2d 592 [Rochester City Ct 1989]) the court held not only that an affidavit from a responsible Department of Motor Vehicles employee was necessary, but also that the affidavit had to set forth the DMV’s regular course of business in regard to mailing procedure based on the personal knowledge of the affiant. *945 Research has disclosed no case dealing with the evidentiary requirements for a legally sufficient case in the Grand Jury charging aggravated unlicensed operation of a motor vehicle.
This court now holds based upon the language of section 214 of the Vehicle and Traffic Law, that in order to establish a legally sufficient case of aggravated unlicensed operation, the People must offer evidence that defendant was driving and also submit to the Grand Jury a certified copy of defendant’s abstract of driving record together with an affidavit from a responsible DMV employee based on the employee’s personal knowledge, setting forth the procedure utilized for the issuance and mailing of the notice of suspension to the driver whose license was suspended.
Section 214 of the Vehicle and Traffic Law provides: "The production of a copy of a notice or order issued by the department, together with an electronically-generated record of entry of such order or notice upon the appropriate driver’s license or registration file of the department and an affidavit by an employee designated by the commissioner as having responsibility for the issuance of such order or notice issued by the department setting forth the procedure for the issuance and the mailing of such notice or order shall be presumptive evidence that such notice of suspension, revocation or order was produced and mailed in accordance with such procedures.” (Emphasis added.) In this case, the court holds that there was insufficient evidence before the Grand Jury to establish either that the defendant’s license was suspended or that' defendant had reason to know of the suspension. The only evidence adduced concerning the suspension itself was a Department of Motor Vehicles’ abstract of driving record. The abstract introduced as People’s exhibit 4, purporting to list the suspensions of defendant’s license, was improperly admitted into evidence. For the DMV abstract to be admissible into evidence it must be properly authenticated and qualify for one of the exceptions to the hearsay rule. As a public document, the DMV abstract qualifies for the public document exception to the hearsay rule. (See, Consolidated Midland Corp. v Columbia Pharm. Corp., 42 AD2d 601 [2d Dept 1973].) However, the abstract is nevertheless inadmissible because it was not attested as a correct and authentic copy by an officer of the DMV having custody of the original record as required by CPLR 4540. That being so, there was no legally admissible evidence that on August 19, 1996 the defendant’s license was in fact suspended.
Moreover, the court holds that even if the DMV abstract had been properly admitted, that document, in and of itself, is insuf *946 ficient proof of the defendant’s knowledge of the suspension. (People v Parson, 143 Misc 2d 592, supra.) Because of the absence of any affidavit concerning the procedure for mailing the notice of suspension to the driver whose license was suspended, there was no evidence presented to the Grand Jury concerning the defendant’s knowledge that his license was suspended. Accordingly, the third count is legally insufficient and must be dismissed.
Although the court is not dismissing the first count of the indictment charging operation of a motor vehicle while under the influence of alcohol as a felony, the court notes that the legal instruction concerning the defendant’s prior conviction was inaccurate. The Assistant District Attorney charged the Grand Jury that "this conviction and the proof relating thereto is not to be considered by you for any other purpose other than to prove the elements of the charges which you are considering today.” (Transcript, at 13.) In his instructions, the prosecutor failed to caution the Grand Jury concerning the "limited purpose” for which the prior conviction was being admitted. (See, e.g., People v Williams, 50 NY2d 996, 998 [1980].) In this case, the prior conviction was admissible only to show that the defendant had previously been convicted of violating Vehicle and Traffic Law § 1192 (4) within the preceding 10 years. It was not admissible on the question of whether defendant had been operating the vehicle on the day in question or as to the element of whether he was intoxicated at the time. The grand jurors should have been charged accordingly. Parenthetically, the court notes that it would have been preferable to inform the grand jurors simply that defendant had been convicted of violating Vehicle and Traffic Law § 1192 (4), without advising them that the conviction related to driving while his ability was impaired by drugs. (See, People v Poje, 129 AD2d 744 [2d Dept 1987].) However that may be, the court is cognizant that "a Grand Jury need not be instructed with the same degree of precision that is required when a petit jury is instructed on the law”. (People v Calbud, Inc., 49 NY2d 389, 394 [1980].) Since the inaccuracy in the legal instructions did not impair the integrity of the Grand Jury proceeding, the proceeding was not defective as to count one. (CPL 210.35 [5].) Accordingly, the motion to dismiss as to counts 1, 2, 4, 5, 6, and 7 is denied.
Finally, the indictment conforms to the requirements of CPL 200.50.
*947 Consequently, the application to dismiss or reduce the charges alleged in the indictment is granted in part and denied in part.