OPINION OF THE COURT
Thomas J. Carroll, J.
The court conducted a bench trial in the above-captioned matter on September 8 and September 13, 1999. The defendant was charged with aggravated unlicensed operation of a motor vehicle in the first, second (two counts) and third degrees and related charges based on an incident that occurred on August 28, 1998 under indictment number 9940/98 and aggravated unlicensed operation of a motor vehicle in the first, *445 second (two counts) and third degrees and related charges based on an incident that occurred on February 19, 1999 under indictment number 1571/99. As of November 1, 1993, aggravated unlicensed operation of a motor vehicle in the first degree is a felony. For trial, both indictments were consolidated into indictment number 9940/98.
On September 13, 1999, the defendant was convicted of two counts each of aggravated unlicensed operation of a motor vehicle in the first, second and third degrees, and two counts of unlicensed operation. There were two additional counts of aggravated unlicensed operation of a motor vehicle in the second degree of which defendant was found not guilty. On January 19, 2000, the defendant was sentenced to five years’ probation.
At trial, the People introduced into evidence various Department of Motor Vehicles (DMV) documents, including computer-generated printouts of the defendants’ driving record (exhibits 6A-H, 7A-Z, 8A-B), among other documents. To introduce these computer-generated documents, the People called DMV Administrative Law Judge (ALJ) Paul Shur who testified that based on his training and experience that he was familiar with the way in which DMV both made and kept its records.
He also testified that DMV made and kept these documents in the regular course of business, that it was DMV’s course of business to make and keep these documents and that the entries in these documents were made contemporaneously with the events stated therein. The court credited his testimony.
The defendant opposed introduction of these documents.
The court admitted the documents and subsequently wrote this decision because neither counsel was able to provide any higher court case law on the subject on the admissibility of these DMV computer documents. Moreover, since there may be an increase in the number of cases charging aggravated unlicensed operation of a motor vehicle as a felony, and thus, an increase in the need for an understanding of DMV’s computer-generated documents, the court has also outlined some of these basic DMV documents.
Exhibits 6A-H, 7A-C and 8A-B, DMV documents, are printouts of computer screens of three aspects of the defendant’s driving record. DMV maintains these records on a mainframe computer in Albany which DMV can access from remote locations. The documents do not bear a certification. (Microfilm copies are kept, but DMV accesses the computer records.)
The first driving record document is called “All Ticket Display” which is a printout of a computer screen listing all *446 the defendant’s tickets. This information is retrieved by entering a name and date of birth. The second type of driving record document is called “Expanded Ticket Display” which is a printout of a computer screen listing the history of the ticket which is selected on the “All Ticket Display” screen. The third type of driving record document is called “License Summary and Display” or “Driving Abstract” which is a printout of a computer screen listing, among other things, whether the person has a license, any suspensions, revocations, convictions or accidents. This third screen was also entered through the “All Ticket Display” screen.
CPLR 4518 (a) states, in part, that “[a]ny writing or record * * * made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making * * * may be proved to affect its weight, but they shall not affect its admissibility.”
CPLR 4518 (a) contains three foundation elements which must be satisfied before a business record can be admitted for the truth of its content. The elements are that the document or record was: (1) made in the regular course of business; (2) that it was the regular course of the business to make such record or document; (3) that the record or document was made contemporaneously with the act or within a reasonable time thereafter. (People v Kennedy, 68 NY2d 569, 579-580; see also, Johnson v Lutz, 253 NY 124 [the information contained within the record or document must be reported by a person who had personal knowledge of the act and is under a business duty to report the act to the maker of the record].) The court notes that “the business records exception grew out of considerations of necessity and trustworthiness” (People v Kennedy, supra, at 579).
Based upon the credible testimony of ALJ Shur, the court found that the above-referenced record was made by DMV in the regular course of business, that it was DMV’s regular course of business to make such records, and that these documents were made at or about the time of the events referred to therein.
*447 Consequently, the court found that the People satisfied the requirements of CPLR 4518 and admitted these DMV documents into evidence.