OPINION OF THE COURT
Robert J. McDonald, J.
Defendant was charged with aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]) and operating a motor vehicle without being duly licensed (Vehicle and Traffic Law § 509 [1]).
Defendant moves for dismissal of the information pursuant to CPL 30.30, a bill of particulars and discovery, Sandoval relief, and reservation of the right to make further motions.
After reviewing the moving papers and the court file, the court finds as follows:
That branch which seeks to dismiss the information is denied. An examination of the information reveals that it conforms to the requirements of CPL 100.15, 100.40 and 170.30. A complaint must be dismissed as defective when it is insufficient "on its face” because the factual component of the complaint fails to "provide reasonable cause to believe that the defendant committed the offense[s] charged”. (CPL 100.40.)
An information must contain nonhearsay allegations establishing, if true, every element of the offense charged and defendant’s commission thereof. (See, CPL 170.30 [1] [a]; 170.35 [1] [a]; People v Alejandro, 70 NY2d 133; People v Dumas, 68 NY2d 729.) On a motion to dismiss, every permissible, reasonable inference must be drawn on behalf of the People from the allegations contained in the accusatory instrument. (See, People v Benzinger, 36 NY2d 29.)
Defendant’s assertion that the accusatory instrument is legally insufficient because Police Officer James Jenkins, shield No. 22102, does not set forth a requisite basis for his assertion that "a computer check of the defendant’s license with the NYS Department of Motor Vehicles revealed that the defendant’s license was suspended” must fail.
All that is required is a "reasonable basis” to support Police Officer Jenkins’ assertion that defendant’s license was suspended. That assertion is supported by the driving abstract which was served and filed November 10, 1994 along with the *475 certificate of readiness. (See, People v Swamp, 84 NY2d 725.) Defendant’s knowledge that he operated a vehicle "while knowing or having reason to know” that his right to drive had been suspended, pursuant to Vehicle and Traffic Law § 511, is satisfied by the People’s submission of the Department of Motor Vehicles’ "Abstract of Driving Record”.
"In order to convert a misdemeanor complaint to an information, the People are required to corroborate the hearsay allegation with respect to the suspension of defendant’s license; they can accomplish this by filing and serving a certified copy of defendant’s DMV driving abstract.” (People v Smith, NYLJ, Aug. 16, 1994, at 25, col 6; People v Blake, 154 Misc 2d 660, 663.) The standard required to prosecute does not require certitude of conviction. (People v Newman, NYLJ, Apr. 5, 1994, at 27, col 5.)
While these cases have found that submission of the driving abstract along with the verified complaint was sufficient, the defendant raises questions with regard to the effect of Vehicle and Traffic Law § 214. Defendant asserts that in order for the People to answer ready on a Vehicle and Traffic Law § 511 charge, the defendant’s knowledge of his suspension to drive must be demonstrated. (People v Isabel, NYLJ, May 7, 1993, at 26, col 5 [Crim Ct, NY County].) Defendant also asserts that such knowledge is dependent on the People’s submission of three documents pursuant to Vehicle and Traffic Law § 214. (People v Kollore, 151 Misc 2d 384; Vehicle and Traffic Law §214.)
That statute provides:
"§ 214. Proof of mailing of notice or order
"The production of a copy of a notice or order issued by the department, together with an electronically-generated record of entry of such order or notice upon the appropriate driver’s license or registration file of the department and an affidavit by an employee designated by the commissioner as having responsibility for the issuance of such order or notice issued by the department setting forth the procedure for the issuance and the mailing of such notice or order shall be presumptive evidence that such notice of suspension, revocation or order was produced and mailed in accordance with such procedures. The foregoing procedure shall not preclude the use of an affidavit of service by mail, a certificate of mailing or proof of certified or registered mail as proof of mailing of any such order or notice.” (Emphasis added.)
*476 The use of the alternate term contained in Vehicle and Traffic Law § 511 "while knowing or having reason to know” indicates that proof of defendant’s mens rea is a question for trial. Compliance with Vehicle and Traffic Law § 214 merely gives the prosecution the benefit of a rebuttable presumption at the time of trial that the defendant knew or had reason to know that his privilege to drive had been suspended. It does not preclude the People from establishing knowledge by other means. For example, if a defendant was arrested on January 1, 1995 for a violation of Vehicle and Traffic Law § 511 and pleaded guilty, and then was rearrested on January 5, 1995 for the same offense, the People could prove at the trial for the second offense that defendant drove his car again "while knowing or having reason to know” that his license was under suspension by showing his earlier and recent conviction without resorting to the statutory presumption contained in Vehicle and Traffic Law § 214. Accordingly, the court finds that defendant’s knowledge that his privilege to drive had been suspended is a question of fact at the time of trial and the satisfaction of Vehicle and Traffic Law § 214 is not a prerequisite for the conversion of a misdemeanor complaint to an information. (See, People v Zapf, NYLJ, Feb. 9, 1988, at 16, col 2 [App Term, 9th & 10th Jud Dists].) In rendering this decision the court respectfully disagrees with the holding in People v Isabel (supra).
In view of the denial of defendant’s motion to dismiss for facial insufficiency and the filing of the certificate of readiness within 28 days from the date of defendant’s arraignment, defendant’s motion to dismiss pursuant to CPL 30.30 is denied. (CPL 30.30; People v Cordero, NYLJ, Apr. 21, 1994, at 25, col 4.)
That branch which seeks a bill of particulars is granted to the extent provided in CPL 200.95.
That branch which seeks discovery is granted to the extent provided in CPL 240.20.
The People are reminded of their obligations under Brady v Maryland (373 US 83).
That branch which seeks a Sandoval hearing is granted to the extent defendant is given leave to renew that part of the motion before the presiding Trial Judge. (See, People v Sandoval, 34 NY2d 371; CPL 240.43.)
That branch which seeks the right to make further motions is granted to the extent provided for by CPL 255.20 (3).