OPINION OF THE COURT
Stephen Rooney, J.
Defendant was convicted after trial of the crimes of petit larceny, criminal possession of stolen property in the fifth *267 degree and official misconduct in violation of Penal Law §§ 155.25, 165.40 and 195.00 (1). The defendant has filed a motion to set aside the verdict pursuant to CPL 330.30 (1), alleging that certain documents were improperly admitted as business records at trial.
Facts
During the trial it was established that the defendant, a Port Authority of New York and New Jersey toll collector assigned to the Goethals Bridge, made insufficient deposits on 27 days between May 30, 1998 and November 23, 1998. The most significant evidence against the defendant consisted of 27 Collector Tour of Duty Reports admitted as business records, and the testimony of Detective Michael Shuhlala concerning a confession made by the defendant. Two witnesses, Michael Torella, a Port Authority Tolls Audit Supervisor, and Thomas Holt, a Senior Vice-President at First Union National Bank, were called to provide a foundation for the reports. The defendant contends that the reports should not have been admitted as business records, and that absent these reports there would be no corroboration of defendant’s confession, thereby rendering Detective Shuhlala’s testimony insufficient pursuant to CPL 60.50.
The testimony indicated that the Collector Tour of Duty Reports are stored on the Port Authority’s computer system and consist of data from three sources. One source of data is keyboard entries made by the toll collector, reflecting the number of vehicles paying tolls, the type of vehicle and the method of payment. These entries are made contemporaneously with each transaction. A second source of data is the axle count which is recorded mechanically by a treadle in the roadway. The third source of data is the confirmed deposits, consisting of the total amount and type of payment deposited by a toll collector at the end of each tour. The confirmed deposits data is compiled daily by the First Union National Bank, recorded in their computer system and transmitted electronically on a daily basis to the Port Authority’s computer system for inclusion in the Collector Tour of Duty Report. The report is used to compare anticipated receipts as indicated by the toll collector’s entries and the treadle count with the actual receipts recorded by the bank. The Collector Tour of Duty Report is, thus, a compilation of information recorded by the toll collector, compiled by the bank’s employees and entered mechanically by the axle-counting treadle device.
*268 Mr. Torella testified that the Port Authority had a contractual relationship with First Union National Bank and that on a daily basis toll collectors dropped their sealed deposit bags down a chute that led to a counting room. There, two employees of the Port Authority would place the sealed deposit bags into larger pouches and prepare a manifest for pickup by an armored car. Upon arrival at the bank, with two witnesses present, the pouches were opened and the bags inside were checked for rips, tears, staples or tape. Any irregularities were to be reported to the Port Authority. The sealed bags were then opened and counted. The results of the counts were then transmitted electronically to the Port Authority. It was at this point in the testimony that the Collector Tour of Duty Reports were admitted into evidence over a defense objection based upon the best evidence rule. Subsequently, the People called Thomas Holt, who testified that it was the regular course of business of the First Union National Bank to make computerized records of transactions, that the computerized records pertaining to deposits made by the Port Authority of New York and New Jersey were made in the regular course of business, and that the records were made within a reasonable time of the event. He also stated that the records were transferred electronically on a daily basis to the Port Authority of New York and New Jersey and that he had reviewed the Collector Tour of Duty Reports prior to trial and compared the data provided by the bank (specifically the confirmed receipts) with the bank’s computerized records and they matched exactly.
Issue
May an employee of one business entity provide foundation testimony sufficient for admission into evidence of a computer printout prepared by that entity and based, in part, on information provided by a second entity? For the reasons stated hereinafter, the ruling of this court is in the affirmative.
Discussion
Hearsay contained in business records is admissible pursuant to CPLR 4518 (a), which states as follows:
“Generally. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the *269 regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of the memorandum or record, including lack of personal knowledge by the maker, may be proved to affect its weight, but they shall not affect its admissibility. The term business includes a business, profession, occupation and calling of every kind.”
CPLR 4518 (a) codifies three foundational elements necessary to overcome a hearsay objection and admit a business record for the truth of its contents. It must be shown that the document or record was made in the regular course of business, that it was the regular course of such business to make the record, and that the record was made at or about the time of the event or within a reasonable time thereafter. The landmark case of Johnson v Lutz (253 NY 124 [1930]) holds that if the person who made the business record does not have personal knowledge of the items that go into the making of the record, then such knowledge must have been “given by others engaged in the same business as part of their duty.” (Johnson v Lutz, supra, at 128.)
The statute “contains language flexible enough to encompass virtually any form of business record that an enterprise settles upon using.” (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4518:4, at 111.) Tape recordings are admissible as business records. (Cotter v Mercedes-Benz Manhattan, 108 AD2d 173 [1st Dept 1985].) Computer printouts are also admissible as business records if the data was stored in the normal course of business. (People v Weinberg, 183 AD2d 932 [2d Dept 1992]; Matter of Thomma, 232 AD2d 422 [2d Dept 1996].)
There appears to be a divide in the Departments of the Appellate Division concerning the foundation requirements of CPLR 4518 as they apply to documents created by one entity and then transferred to a second entity. In Standard Textile Co. v National Equip. Rental (80 AD2d 911 [2d Dept 1981]), the Court stated that “the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records.” The rationale for this holding is that employees from the receiving entity would be in no position to provide the necessary foundation testimony as to the regularity and timeli *270 ness of a document’s preparation. (Alexander, Practice Commentaries, McKinney’s Cons Laws of NY, Book 7B, CPLR C4518:l, at 105.) In a similar case, the Appellate Division, Third Department, ruled that it was error to admit plaintiffs bank statements and a loan commitment prepared by plaintiffs bank and mailed to plaintiff in the ordinary course of business without foundation testimony from any bank personnel. (Tomanelli v Lizda Realty, 174 AD2d 889 [3d Dept 1991].) However, the Appellate Division, First Department, has upheld the admission of bank records as business records without foundation testimony from a bank employee. (Elkaim v Elkaim, 176 AD2d 116 [1st Dept 1991].) There the Court held “ ‘that judicial notice can provide a foundation for admitting the records of a particular business’ * * * when the records ‘are so patently trustworthy as to be self-authenticating.’ ” (Id., at 117.)
In People v Cratsley (86 NY2d 81 [1995]), the Court of Appeals recognized that a receiving entity’s employee may provide sufficient foundation testimony for a record from a second entity, even though the employee cannot relate the other entity’s specific record-making practices, if the employee is well familiar with the circumstances under which the record is prepared, if the record is prepared on behalf of the receiving entity and in accordance with its requirements, and if the receiver routinely relies on such records. If these requirements are met, the fact that the entrant is not an employee of the receiving entity does not affect admission.
The Federal rule[1] is interpreted similarly to People v Cratsley (supra). In Air Land Forwarders v United States (172 F3d 1338 [1999]), the Court of Appeals for the Federal Circuit held that rule 803 (6) of the Federal Rules of Evidence does not require that the document actually be prepared by the busi *271 ness entity proffering the document. Rather, the court stressed two factors, indicating reliability, that would allow an incorporated document to be admitted based upon the foundation testimony of a witness with firsthand knowledge of the record-keeping procedures of the incorporating business, even though that business did not actually prepare the document. The first factor is that the incorporating business rely upon the accuracy of the document incorporated, and the second is that there are other circumstances indicating the trustworthiness of the document. The Federal Circuit’s holding follows previous rulings in the First, Second, Third, Fifth, Ninth, and Eleventh Circuits.[2]
Conclusion
The Collector Tour of Duty Reports were admitted into evidence based upon the testimony of Mr. Torella. The defense did not raise an objection based upon inadequate foundation at the time the reports were offered. Assuming arguendo that such an objection was made, the exhibit was still properly admitted pursuant to the rationale of People v Cratsley (supra). Mr. Torella’s testimony demonstrated that he was familiar with the bank’s procedures, that the bank’s entries were prepared on behalf of the Port Authority and in accordance with its requirements, and that the Port Authority routinely relied on the bank’s entries. In this case, of course, Mr. Torella’s foundation testimony was buttressed by the subsequent testimony of Mr. Holt, which confirmed the regularity and contemporaneity of the bank’s entries.
The Collector Tour of Duty Reports were properly admitted into evidence as business records. Accordingly, the defendant’s motion to set aside the verdict pursuant to CPL 330.30 is denied.

. Rule 803 (6) of the Federal Rules of Evidence (“Hearsay Exceptions; Availability of Declarant Immaterial”) states:
“Records of regularly conducted activity
“A memorandum, report, record, or data compilation, in any form, of acts, events, conditions, opinions, or diagnoses, made at or near the time by, or from information transmitted by, a person with knowledge, if kept in the course of a regularly conducted business activity, and if it was the regular practice of that business activity to make the memorandum, report, record, or data compilation, all as shown by the testimony of the custodian or other qualified witness, unless the source of information or the method or circumstances of preparation indicate lack of trustworthiness. The term ‘business’ as used in this paragraph includes business, institution, association, profession, occupation, and calling of every kind, whether or not conducted for profit.”

. United States v Doe, 960 F2d 221, 223 (1st Cir 1992); United States v Jakobetz, 955 F2d 786 (2d Cir 1992); United States v Sokolow, 91 F3d 396, 403 (3d Cir 1996); United States v Ullrich, 580 F2d 765, 771-772 (5th Cir 1978); United States v Childs, 5 F3d 1328, 1334 (9th Cir 1993); United States v Parker, 749 F2d 628, 633 (11th Cir 1984).