OPINION OF THE COURT
Denise L. Sher, J.
The defendant, Jacques L. Etienne, has made a motion to dismiss the action commenced against him for violation of Vehicle and Traffic Law § 511 (2) (a) (iv) by the State of New York. Vehicle and Traffic Law § 511 (2) (a) (iv) is an unclassified misdemeanor, aggravated unlicensed operation of a motor vehicle in the second degree. In his motion, the defendant argues that the information filed against him violates the statutory prohibition of using hearsay allegations to sustain a criminal information. (CPL 100.40 [1] [c].)
There are two elements, in particular, that the defendant alleges are violations of the prohibition of hearsay. The first is the Department of Motor Vehicles (DMV) computer check performed by the police officer to substantiate his knowledge of the defendant’s driving status. The second is the statutory requirement that the defendant was in violation of the Vehicle and Traffic Law while “knowing or having reason to know” that his license was either suspended or revoked. (Vehicle and Traffic Law § 511 [1] [a]; [2].)
 This court holds that both elements are exceptions to the hearsay rules of evidence required for the purposes of maintaining the criminal information. The DMV check by the police officers is an exception because the police of the State of New York routinely perform the computer check as matter of regular business practice, there is a special bilateral relationship between the DMV and the police to impart information to each other, and the DMV records would be admissible under the common-law public records exception to hearsay. Meanwhile, the contention that the defendant was driving while “knowing or having reason to know” that his license was either suspended or revoked is of a nonhearsay nature because it falls within the statutory exception provided in the legislative intent of Vehicle and Traffic Law § 214, the common-law records exception, and the statutory business records exception found in CPLR 4518 (a) and (c).
*92 Generally, for a criminal information to be deemed facially sufficient, the allegations set forth must be of a “non-hearsay” nature that “establish, if true, every element of the offense charged.” (CPL 100.40 [1] [c]; 100.15 [3].) The prima facie case may also be made via the presentation of supporting depositions, also containing information that is based upon personal information, i.e., “non-hearsay.” (CPL 100.40 [1] [c].) The purpose is to protect defendants from baseless prosecutions. (See People v Pierre, 157 Misc 2d 812, 815 [Crim Ct, NY County 1993], quoting People v Jeffries, 19 NY2d 564, 567 [1967].)
The Legislature has created some exceptions to the general hearsay rule in the Civil Practice Law and Rules. These exclusions to hearsay apply in criminal cases as well. (See People v Lederle, 206 Misc 244 [Ct Spec Sess 1954] [Civ Prac Act § 374-a; certain written records made in the course of business are admissible in criminal cases]; People v Fields, 74 Misc 2d 109 [Nassau Dist Ct 1973] [business records which meet civil burden for admissibility are also admissible in criminal informations]; People v Casey, 95 NY2d 354, 361 [2000] [informant statement admissible if hearsay exception can be applied].) The CPLR 4518 statutory business record exception to the hearsay rule is applicable in this situation. CPLR 4518 states in pertinent part:
“(a) Generally. Any writing or record, whether in the form of an entry in a book or otherwise, made as a memorandum or record of any act, transaction, occurrence or event, shall be admissible in evidence in proof of that act, transaction, occurrence or event, if the judge finds that it was made in the regular course of any business and that it was the regular course of such business to make it, at the time of the act, transaction, occurrence or event, or within a reasonable time thereafter. All other circumstances of the making of the memorandum or record, including lack of personal knowledge by the maker, may be proved to affect its weight, but they shall not affect its admissibility. The term business includes a business, profession, occupation and calling of every kind. * * *
“(c) Other records. All records, writings and other things referred to in sections 2306 and 2307 are admissible in evidence under this rule and are prima facie evidence of the facts contained, provided they bear a certification or authentication by the head of the hospital, laboratory, department or *93 bureau of a municipal corporation or of the state, or by an employee delegated for that purpose or by a qualified physician.” (Emphasis added.)
The routine procedure of the arresting officer in Nassau County is to complete a standard fill-in-the-box form entitled “Police Department, County of Nassau, New York, Supporting Deposition/Bill of Particulars — Aggravated Unlicensed Operation.” This form is filled out by the police officer based upon his or her regular and routine usage of the DMV database. The police officer as an employee of the state is delegated with the responsibility of certifying information stored in the DMV computer and effectuating the powers granted by the Legislature to the DMV. In essence, the DMV and the police work hand-in-hand to ensure that the traffic laws are enforced, and in the process of enforcement many documents move back and forth between the police and the DMV, e.g., speeding citations, parking citations, etc. The police rely heavily on the routine, systematic, and continuous record-keeping ability of the DMV for information. In turn, the DMV relies upon the police for information attested to by an arresting officer and his supervisor to keep an up-to-date and reliable database.
The special relationship requirement of CPLR 4518 (a) is delineated in a recent line of cases. The general rule set down by the Court of Appeals is that “the mere filing of papers received from other entities, even if they are retained in the regular course of business, is insufficient to qualify the documents as business records.” (See People v Cratsley, 86 NY2d 81, 90 [1995].)
However, the Court of Appeals added that in some cases the relationship between the two entities and the nature of the records in question may give the party using the information sufficient familiarity with the records to allow the admission of the evidence and to provide foundation testimony for their admittance, circumstantial familiarity. (Id. at 89.) The Appellate Division, Second Department, further developed this exception holding that the recipient’s “routine reliance upon” the original possessor’s information will allow for the admission of the evidence by the recipient’s employee even though they are neither the custodian nor the one who prepared the information. (See People v DiSalvo, 284 AD2d 547 [2d Dept 2001]; People v Wray, 183 Misc 2d 444 [Sup Ct, Kings County 2000] [DMV records exception to hearsay rule since made in the regular course of business]; People v Markowitz, 187 Misc *94 2d 266 [Sup Ct, Richmond County 2001] [computer printouts admissible if made in regular course of business and employee allowed to offer foundation testimony as to custodian’s records].) Furthermore, the Appellate Division, Fourth Department, has held that when a public officer is either required by statute or by nature of position to keep records or make reports in the regular course of duty that they are admissible as prima facie evidence of the facts stated. (See People v Hudson, 237 AD2d 943 [4th Dept 1997].)
The federal courts take a similar approach to business documents as evidence. Where the circumstances indicate that the document being relied upon by a third party is trustworthy, then the third party that routinely relies upon the information may enter it into evidence and provide the foundation testimony necessary to substantiate the documents in question. (United States v Jakobetz, 955 F2d 786, 801-802 [2d Cir 1992], cert denied 506 US 834.)
Alternatively, the DMV records may be deemed admissible based on two common-law provisions. Information may be entered as an exception to the hearsay rules if there is a duty to impart the information or they are public documents. (See Matter of Leon RR, 48 NY2d 117, 122-123 [1979] [if there is a bilateral relationship between the parties to transfer information in the regular course of business, then the information is admissible within the business record exception to the hearsay rule]; see People v Kennedy, 68 NY2d 569, 577 n 4 [1986] [held common-law hearsay exception for public documents, and that some public records are so “patently trustworthy as to be self-authenticating”].) It is quite common that when dealing with nonbiased public agencies there is a common-law presumption that the public agency will act in the public’s best interest and that the documents will be maintained and updated regularly. These public documents entered into evidence under the common-law rule do not hold the same weight as those admitted under the statutory public document rule, CPLR 4520. That provision makes public documents prima facie evidence while under the common law they have no additiorial value. (See Consolidated Midland Corp. v Columbia Pharm. Corp., 42 AD2d 601 [2d Dept 1973].)
The records relied upon by the police in the routine course of their business are indubitably trustworthy, and the defendant has not asserted otherwise. Therefore, since the police officer’s assessment was based upon information and documents that he had personal knowledge and use of in the regular course of *95 the state’s business, the information is sufficient on its face. This does not mean that when the defendant demands discovery that a certified copy of the documentation does not have to be presented promptly (CPL 240.20), and it does not mean that the affidavits and “bill of particulars” alone would be sufficient to sustain a conviction. However, it does mean that the conversion from a criminal complaint to an information is satisfied because the documents in question fall under an exception to the hearsay rules, and, are, therefore, nonhearsay allegations. (CPL 100.15, 100.40, 170.30.) Furthermore, once a discovery demand is made, should the evidence not support the information attested to by the arresting officer and his supervisor, then a motion to dismiss should be filed and granted.
Every reasonable inference is to be bestowed upon the People in evaluating the accusatory instrument. (See People v Benzinger, 36 NY2d 29 [1974].) The issue here is a procedural one, and as the Court of Appeals ruled in Casey, only when an element of a crime is missing must an information be held to be facially deficient. (Casey, 95 NY2d 354 [2000].) Furthermore, the Court ruled that the information would not be held insufficient because the defect was readily curable. (Id. at 359-361.) In this case the deficiency is readily curable by having the evidence attested to by the DMV. Therefore, considering all the factors, the business record hearsay exception pursuant to CPLR 4518 (a) and (c) is satisfied in this case.
Regarding the second element in question, Vehicle and Traffic Law § 511 (2) (a) (iv) requires that the driver be in violation while “knowing or having reason to know” that his license was suspended or revoked. (Vehicle and Traffic Law § 511 [1] [a]; [2].) This element of scienter is satisfied by the annexed supporting deposition, which states that the defendant had been served notice of his delinquent driving status.
The Legislature, as a means of reducing the prosecution’s burden in pursuing violators of the Vehicle and Traffic Law, created a presumption of service exception to the hearsay rules. This presumption of service exception allows for testimony regarding the service of DMV notices to be proffered by those without actual knowledge that service was rendered. (Vehicle and Traffic Law § 214.) The fill-in-the-box form annexed to the information states that the DMV mailed, within its regular course of business, a notification to the defendant of his delinquent driving status, thereby, satisfying the statutory procedures regarding notice. Therefore, since the statute allows for the presumption of this element of “knowing or having reason *96 to know” it is an issue of fact to be determined at trial. (See, People v Gabriel, 164 Misc 2d 473 [Crim Ct, Queens County 1995].)
This is a much more acceptable interpretation of Vehicle and Traffic Law § 511 (2) (a) (iv) and § 214 than has been presented by other courts. Typically Vehicle and Traffic Law § 511 (2) (a) (iv) misdemeanor informations are dismissed because the scienter element is too burdensome to prove for purposes of conversion. (See People v Parson, 143 Misc 2d 592 [Rochester City Ct 1989].) However, based upon the obvious intent of the Legislature in its providing both the hearsay exception to service and the statutory presumption of scienter, this court has chosen to enforce the law. It should be noted, regardless of the statutorily created tools, that the constitutional rights of the defendant are still preserved by allowing him to confront witnesses at trial with regard to the issues of service and notice.
In light of the foregoing analysis the defendant’s motion is hereby denied. The evidence introduced is facially sufficient to convert the simplified criminal complaint into a misdemeanor information. However, defendant’s motion is granted insofar as he may seek to make further motions pursuant to CPL 255.20 (3).