OPINION OF THE COURT
Melchor E. Castro, J.
The defendant is charged with various traffic infractions and aggravated unlicensed operation of a motor vehicle in the second degree. The simplified traffic information for that misdemeanor is supported by a deposition from the arresting officer which alleges facts demonstrating operation of the vehicle. A copy of a teletype containing the defendant’s driving record is also incorporated by reference. These documents were later augmented by the People through the filing of a driving abstract, a notice of license suspension or revocation (hereinafter notice) and a mailing record for notice of suspension or revocation (hereinafter mailing record). The defendant has moved to dismiss the accusatory instrument on the grounds of facial sufficiency, arguing that the supporting documents fail to provide reasonable cause to believe that the defendant had knowledge of the license suspension.
That the defendant knew or had reason to know that his license was suspended or revoked is a necessary element of the offense (Vehicle and Traffic Law § 511 [1] [a]; People v Pacer, 6 NY3d 504 [2006]; People v Mayes, 19 Misc 3d 48 [2008]; People v Gabriel, 164 Misc 2d 473 [1995]). The document submitted by the People in support of the knowledge element is a copy of the notice advising the defendant of the suspension. The notice also contains a postal ID number which is referenced in the mailing record. The mailing record describes[1] the steps taken by the Department of Motor Vehicles to mail the notice. Essentially, *796 the Department fixes a unique Postal ID number and associated bar code on each notice. Both the bar code and number are positioned in the notice to be visible through the envelope window in which the notice is placed. Affixing the number on the letter means that the notice was mailed using the United States Postal Service (hereinafter USPS) confirm service. The mailing record further states that the notice was scanned at a particular date and time at a postal facility serving a particular zip code, indicating receipt of the letter by the USPS at that time. Lastly the document indicates that the USPS confirmed the scanning with the Department of Motor Vehicles on a specific date and time.
The mailing record has apparently replaced the Department’s use of the affidavit of regularity/proof of mailing as proof which establishes the mailing of the notice to the license holder. The affidavit of regularity/proof of mailing, along with the notice of suspension or revocation and the abstract of driving record trigger the presumption of the proper production and mailing of the notice accorded by Vehicle and Traffic Law § 214. That section provides that the production of a notice suspension, along with proof of the electronic entry of the suspension upon the license holder’s file and an affidavit from a designated employee of the Department of Motor Vehicles alleging the procedures for the issuance and mailing of the notice is presumptive evidence of the proper production and mailing of the notice. Properly subscribed and sworn to, the production of the affidavit of regularity/proof of mailing, along with the other two documents, permits the inference that the license holder had knowledge of the suspension or revocation.
The mailing record, on the other hand, has all the earmarks of a Vehicle and Traffic Law § 214 affidavit, but is neither subscribed, sworn to, nor verified. In addition, it fails to identify the declarant. As such, the mailing record cannot trigger the section 214 presumption. The People nevertheless contend that the mailing record is the equivalent of a section 214 affidavit, but better: the mailing record alleges the precise date, time and place when the notice of suspension was received by the post of *797 fice. They posit that the mailing record is simply a business record maintained by the Department of Motor Vehicles and suggest that the CPLR 4518 affidavit accompanying the submitted documents makes it so. The CPLR 4518 affidavit, among other things, certifies that the mailing record was made in the regular course of business of the Department of Motor Vehicles and that it was the regular course of business of the Department to do so.
The only reason the court can fathom for the substitution of the mailing record for the affidavit of regularity/proof of mailing is that it is an attempt by the Department of Motor Vehicles to skirt the holding in People v Pacer (6 NY3d 504 [2006]). That case held that trial use of the Vehicle and Traffic Law § 214 affidavit was a violation of the Confrontation Clause under Crawford v Washington (541 US 36 [2004]). Pacer found that the allegations in the affidavit of the Department’s agent regarding the regular mailing procedures of the Department of Motor Vehicles constituted a direct accusation of the defendant’s knowledge of the license suspension, a material element of the offense charged and deprived the defendant of the ability to cross-examine the declarant.
Although the Confrontation Clause issue is not relevant at the pleading stage (People v Hameed, 88 NY2d 232 [1996]; People v Mayes, 19 Misc 3d 48 [2008]), the Pacer court’s analysis of the document at issue is relevant to an understanding of the nature and purpose of the mailing record being offered here. Like its statutory cousin, the mailing record lays out, in testimonial fashion, the general procedure adopted by the Department to process suspension and revocation notices to license holders and the mailing of a specific notice in the instant case. Because of the statutorily created exception to the hearsay rule, admissibility of the Vehicle and Traffic Law § 214 affidavit is not subject to scrutiny as a business record, but simply by the terms of the foundational requirements found in that section.[2] Since the mailing record cannot benefit from treatment under Vehicle and Traffic Law § 214, its admissibility is subject to satisfying the foundational requirements of a business record. Because the document is self-serving, and was created in anticipation of litigation, it is not admissible as such.
Where foundational requirements have been met, documents generated and maintained in the ordinary course of business *798 are admissible as a business records exception to the hearsay rule (CPLR 4518). However, where the sole purpose in creating the document was in preparation for litigation, then the document is self-serving and not admissible (People v Foster, 27 NY2d 47 [1970]). Vehicle and Traffic Law § 510 (7) provides that the Commissioner of Motor Vehicles may provide a license holder not present at the time of the license suspension or revocation with notice thereof by certified mail at the address contained on the license. The simple recordation of the date and time of mailing, together with the certified mail receipt would be all that is necessary to evidence the Department’s compliance with notice provision of that section. The mailing record is not that. Although it memorializes the date and time when the Postal Service received the notice, it goes well beyond that. The mailing record makes testimonial assertions regarding the procedures employed by the Department to effect mailing and the significance of the postal ID number attached to each notice. Those declarations would serve no business purpose to the Department, since it must be assumed that its employees would be familiar with its own practices and procedures. The document’s significance is that it is meant to inform someone outside the Department about its practices and procedures. Its sole purpose is to provide evidence to satisfy the knowledge element necessary for a conviction on a criminal charge (People v D’Agostino, 120 Misc 2d 437, 441 [1983]). The suspension or revocation of a driver’s license is essentially a civil administrative matter (Matter of Barnes v Tofany, 27 NY2d 74 [1970]). Creating evidence for the purpose of securing criminal conviction is not within the ambit of the business activity of the Department of Motor Vehicles.
The simplified information charging aggravated unlicensed operation in the second degree is dismissed.

. The notice reads as follows:
“The Department uses the United States Postal Service (USPS) Confirm Service to verify that the Notice of Suspension or Revocation has been mailed. The Notice of Suspension or Revocation was mailed to the address on the Notice. In order to use this service, the Department applies a unique Postal ID that identifies the specific Notice of Suspension or Revocation. The Postal ID is printed as a numeral on the Notice, and is also contained in a barcode visible through the envelope window. The existence of the attached Notice of Suspension or Revocation bearing unique Postal ID #021156559 means the notice was mailed using this service.
“The attached Notice of Suspension or Revocation bearing the unique Postal ID #021156559 is an exact duplicate of the original and it is maintained in the electronic records of the Depart *796 ment. The original notice was scanned at 17:32:20 on 12/07/ 2010 at the USPS facility serving zip code 14608, indicating receipt by the USPS at that time. The USPS confirmed this information with the Department where it was recorded at 22:45:38 on 12/07/2010.
“Print date: 12/10/2010 Time: 07:17:28.”

. As to the history surrounding the creation of Vehicle and Traffic Law § 214, see People v Parson (143 Misc 2d 592 [1989]).