OPINION OF THE COURT
Steven M. Statsinger, J.
Defendant, charged in a superseding information (SSI), with aggravated unlicensed operation of a motor vehicle in the second degree, in violation of Vehicle and Traffic Law § 511 (2) (a) (ii), aggravated unlicensed operation of a motor vehicle in the third degree, in violation of Vehicle and Traffic Law § 511 (1) (a), and unlicensed driving, in violation of Vehicle and Traffic Law § 509 (1), moves to dismiss the aggravated unlicensed operation of a motor vehicle counts (hereinafter the Vehicle and Traffic Law § 511 counts), arguing, in the alternative, for a CPL 30.30 dismissal, or for an order deeming those counts unconverted.
The court agrees with the defendant that the Vehicle and Traffic Law § 511 counts are unconverted. And, since this renders the People’s prior statements of readiness illusory, there are 260 chargeable days. Defendant’s motion to dismiss the Vehicle and Traffic Law § 511 counts pursuant to CPL 30.30 is accordingly granted. The Vehicle and Traffic Law § 509 (1) count, however, is a traffic infraction, to which CPL 30.30 does not apply. That count accordingly stands.
I. Factual Background
A. The Allegations
According to the SSI, on March 25, 2015, the defendant was observed operating a motor vehicle in New York County. Her *793 privilege of operating a motor vehicle had been revoked for a driving while intoxicated conviction and for a refusal to submit to a chemical test, and had not be reinstated.
The accusatory instrument alleges that the defendant knew that her privilege of operating a motor vehicle was revoked, because the Department of Motor Vehicles mailed her, at the address on her driver’s license at the time of the revocation, an order advising that her driver’s license had been revoked effective March 26, 2008, at least one year, for refusing to submit to a chemical test.
B. Legal Proceedings
On May 5, 2015, defendant appeared on a desk appearance ticket and was arraigned on a misdemeanor complaint charging her with aggravated unlicensed operation of a motor vehicle in the third degree, in violation of Vehicle and Traffic Law § 511 (1) (a), and unlicensed driving, in violation of Vehicle and Traffic Law § 509 (1). Defendant was released on her own recognizance, and the case was adjourned to September 11 for conversion, specifically, for the People to provide proof of mailing of the order of revocation.
On February 4, 2016, the People filed and served off-calendar a certificate of readiness and an SSI that added one count of aggravated unlicensed operation of a motor vehicle in the second degree, in violation of Vehicle and Traffic Law § 511 (2) (a) (ii), to those contained in the original misdemeanor complaint.
Subsequent calendar appearances took place on March 11, 2016, March 16, 2016, April 15, 2016, June 10, 2016, July 8, 2016, July 29, 2016, August 1, 2016, and August 24, 2016, on which date the defense announced its intent to file the instant motion. The court directed the defense to file the motion by August 31, and the People to respond by September 7. The motion was actually filed on September 6, and a complete response was filed on October 12.[1] The case has been sub judice since October 12.
II. The Superseding Information
The superseding information, sworn out by Police Officer Jeff Haner, provides that
“I observed the defendant operating a motor vehicle *794 (the key was in the ignition, the engine was running and the defendant was behind the wheel) on a public highway ....
“I observed the defendant’s New York State Department of Motor Vehicles abstract of driving record and determined that the defendant’s privilege of operating a motor vehicle was revoked for a driving while intoxicated conviction in Bronx Criminal Court on 7/7/2009 and a refusal to submit to a chemical test and as of the date of this incident has not been reinstated.
“I know that the defendant knew her privilege of operating a motor vehicle was revoked because her abstract revealed that her privilege of operating a motor vehicle was also revoked for refusing to submit to a chemical test, and prior to such revocation being imposed the Department of Motor Vehicles sent to the defendant at the address on the defendant’s driver’s license at the time of the revocation an order which states in substance Your driver’s license is revoked effective 3/26/2008 for at least a year for refusing to submit to a chemical test under section 1194 of the Vehicle and Traffic Law and you must pay a civil penalty before it is restored.’ ”
Along with the purported SSI, the People filed an abstract of the defendant’s driving record, an order of suspension or revocation from the Department of Motor Vehicles and a mailing record for an order of suspension or revocation.
The proof of mailing that the People filed is styled as a “MAILING RECORD FOR NOTICE OF SUSPENSION OR REVOCATION” (the mailing record). Bearing the legend: “Assigned Postal ID Number 060163257,” it provides as follows:
“The Department [of Motor Vehicles] uses the United States Postal Service’s (USPS) Confirm Service to verify that the Notice of Suspension or Revocation had been mailed. The Notice of Suspension or Revocation was mailed to the address on the Notice. In order to use this service, the Department applies a unique Postal ID that identifies that specific Notice of Suspension or Revocation. The postal ID is printed as a numeral on the Notice, and is also contained in a bar code visible through the envelope window. The existence of the attached Notice of Suspension of Revocation bearing unique *795 Postal ID No.060163257 means the notice was mailed using this service.
“The attached Notice of Suspension or Revocation, bearing the unique Postal ID# 060163257 is an exact duplicate of the original and is maintained in the electronic records of the Department. The original notice was scanned at 19:08:45 on 4/10/ 2008 at the USPS facility serving zip code 10457, indicating receipt by the USPS at that time. The USPS confirmed this information with the Department where it was recorded at 23:59:01 on 4/10/ 2008.”
The mailing record bears a “Print Date” of June 11, 2015, and is signed by Gregory J. Klein, Deputy Commissioner of Motor Vehicles, with the following certification: “[T]his document is a true and complete copy of a record on file in the New York State Department of Motor Vehicles, Albany, New York.”
III. Discussion
Defendant’s primary argument is that the SSI fails to set forth nonhearsay factual allegations to establish that she had knowledge or reason to know that her license was suspended or revoked, a necessary element of the Vehicle and Traffic Law § 511 counts. For the reasons that follow, the court agrees with the defense.
A. The Nonhearsay Requirement
In order for a misdemeanor complaint to be converted to an information, the factual portion of the instrument and any supporting depositions must contain “[n] on-hearsay allegations” that establish, “if true, every element of the [crime] charged and . . . defendant’s commission thereof.” (CPL 100.40 [1] [c]; People v Alejandro, 70 NY2d 133, 135 [1987].) However, the requirement that there be nonhearsay allegations in support of every element can be met where the allegation, even if not based on the declarant’s firsthand knowledge, would be admissible under “some hearsay rule exception.” (People v Casey, 95 NY2d 354, 361 [2000].)
However, if the document proffered for conversion purposes is either itself hearsay, or contains hearsay, it fails to convert the instrument. Thus, for example, in People v Rivera (45 Misc 3d 386, 392-393 [Crim Ct, NY County 2014]), this court found that a trademark affidavit that was proffered for conversion contained hearsay, and hence did not convert, because it was *796 not based on the expert’s analysis of the suspect DVDs themselves, but rather on the arresting officers’ description of the DVDs.
B. The Accusatory Instrument Fails to Plead, by Nonhearsay Allegations, That Defendant Knew or Had Reason to Know That Her License was Suspended or Revoked.
An essential element of the offenses underlying the Vehicle and Traffic Law § 511 counts is that the defendant operated a motor vehicle “while knowing or having reason to know” that her driver’s license was suspended or revoked. The court agrees that the SSI fails to plead, by nonhearsay allegations, this element of the charges.
The accusatory instrument states that the defendant knew that her driver’s license was revoked because the arresting officer reviewed her driving abstract, and it revealed that her license was revoked for refusing to submit to a chemical test, and prior to such revocation, the Department of Motor Vehicles sent her an order, at the address on her driver’s license, informing her of the revocation. Because the allegation concerning the defendant’s knowledge of her license revocation is based on facts of which the officer had no personal knowledge, the allegation is hearsay. (People v Branch, 44 Misc 3d 1224[A], 2014 NY Slip Op 51297[U] [Crim Ct, Kings County 2014] [arresting officer’s report and DMV abstract insufficient to plead knowledge element].) In an attempt to cure this hearsay defect, the People proffer the mailing record described above.
According to Vehicle and Traffic Law § 214,
“[t]he production of a copy of [the] notice or order issued by the department, together with an electronically-generated record of entry of such order or notice upon the appropriate driver’s license or registration file of the department and an affidavit by an employee designated by the commissioner as having responsibility for the issuance of such order or notice issued by the department setting forth the procedure for the issuance and . . . mailing of such notice or order at the address of such person on file with the department or at the current address provided by the United States postal service shall be presumptive evidence that such notice of suspension, revocation or order was produced and mailed in accordance with such procedures.” (Emphasis added.)
This section, if complied with, creates a statutory presumption *797 that a notice of suspension or revocation was mailed to the defendant. And, more pertinently, a document that comports with Vehicle and Traffic Law § 214 satisfies the conversion requirement with respect to the knowledge element, although, of course, this is not the only way of pleading scienter:
“Not all cases will require affidavits of the sort contemplated by [Vehicle and Traffic Law] § 214. For example, if the defendant had previously taken a plea that encompassed a license suspension, he would have knowledge of that suspension, and a supporting affidavit or minutes of the allocution would suffice. If a defendant admitted, when stopped by the police or at any other time, that he knew his license had been suspended, he would have knowledge of the suspension, and a supporting affidavit likewise will convert the complaint to an information.” (Branch, 44 Misc 3d 1224[A], 2014 NY Slip Op 51297[U], *3-4 [emphasis omitted].)
Here, in support of the knowledge element, the People submitted the mailing record. Although the People assert that this document comports with Vehicle and Traffic Law § 214, in fact it does not. (People v Brown, 31 Misc 3d 794, 796 [Rochester City Ct 2011].) In Brown, the court considered what appears to be the identical document, a DMV “Mailing Record for Notice of Suspension or Revocation,” and concluded that it did not satisfy Vehicle and Traffic Law § 214 because it was “neither subscribed, sworn to, nor verified. In addition, it fails to identify the declarant.” (Id. at 796.) The same is true here: the mailing record is not “an affidavit” (Vehicle and Traffic Law § 214), as it unsworn and unsigned. The Deputy Commissioner whose signature is on the document is clearly not the declarant, and his signature does not attest to the truth of the contents of the document. It only verifies that the document is a “true and complete copy” of a document on file at the DMV.
Of course, that the mailing record does not comport with Vehicle and Traffic Law § 214 does not entirely resolve the conversion question. As noted in Branch, there are other ways that the People can plead scienter in Vehicle and Traffic Law § 511 cases through nonhearsay allegations. In Brown, the court, having concluded that the mailing record did not comport with Vehicle and Traffic Law § 214, went on to hold that the only hearsay exception that could save it was the business records exception. (31 Misc 3d at 797.) The court concluded that the mailing record was not a business record, and accordingly *798 that the document itself was hearsay. “Because the document is self-serving, and was created in anticipation of litigation, it is not admissible as [a business record].” (Id.)
While this court agrees that the mailing record here is not a business record, it nevertheless concludes, contrary to Brown, that the document itself is not inadmissible hearsay, because it is admissible as a certified copy of an official record. (People v Meyer, 177 Misc 2d 537 [App Term, 2d Dept 1998] [certified copies of DMV abstract and affidavit of mailing admissible].) A document can be “so patently trustworthy as to be self-authenticating.” (People v Kennedy, 68 NY2d 569, 577 n 4 [1986]; Elkaim v Elkaim, 176 AD2d 116, 117 [1st Dept 1991] [finding no reason to exclude from evidence bank statements that were “reliable” and “perfectly trustworthy” even though a business records foundation had not been laid].) Thus, for example, in People v Suarez (51 Misc 3d 620, 627-628 [Crim Ct, NY County 2016]), this court concluded that a copy of a defendant’s rap sheet, even if uncertified, converted a misdemeanor complaint charging the defendant with bail jumping. The mailing record here would accordingly clearly be admissible—in this regard it is no different from a certified DMV abstract—and need not be supported by the foundational requirements of a business record.
The problem with the mailing record here, then, is not that it is itself inadmissible hearsay. It is that it contains inadmissible hearsay. Unlike a certified copy of a DMV abstract, which contains only information derived from the records of the DMV itself, the mailing record contains a report of information from another source, the United States Postal Service. Specifically, the mailing record indicates that the Postal Service reported to the DMV the time that the mailing was received and scanned, and the zip code of the postal facility where this supposedly took place. And that information, critical to the element of scienter, is rank hearsay, with no facts pleaded to satisfy any hearsay exception. In other words, this mailing record presents a classic “hearsay within hearsay” (e.g. People v Ortega, 15 NY3d 610, 620 [2010, Smith, J., concurring]) problem. The first level of hearsay is satisfied—the mailing record is a certified copy of an official record. But the second level of hearsay is not.
The mailing record, therefore, is not materially different from the trademark affidavit that contained hearsay in Rivera (45 Misc 3d at 392-393). The mailing record, like that document, fails to convert the misdemeanor complaint into an information.
*799 IV. Speedy Trial
This court has always been of the view that when it finds that an accusatory instrument is unconverted, the proper remedy is to adjourn for conversion.[2] (See e.g. Rivera, 45 Misc 3d at 394-395.) However, this is subject to “the usual CPL 30.30 time parameters.” (Id. at 395.) Here, it is too late for that. Because the misdemeanor complaint was never converted into an information, all of the People’s statements of readiness were illusory, and none of their date requests were effective. (E.g. People v Peluso, 192 Misc 2d 33 [Crim Ct, Kings County 2002] [statement of readiness illusory]; People v Tisdale, 18 Misc 3d 1125[A], 2008 NY Slip Op 50201[U] [Crim Ct, Kings County 2008] [same]; People v Seepersad, 52 Misc 3d 400, 407 [Crim Ct, NY County 2016] [only post-readiness date requests are honored].) The case is accordingly past CPL 30.30.
Here, there were 12 court dates from the commencement of the action through the filing of the motion to dismiss. Those events spanned 477 calendar days, and 260 days are chargeable to the People. The motion to dismiss is accordingly granted as to the Vehicle and Traffic Law § 511 counts. Section 30.30 is inapplicable to the Vehicle and Traffic Law § 509 (1) count because it is a traffic infraction, and that charge is not dismissed.
A. The Speedy Trial Calculations
1. May 5, 2015 to September 11, 2015: 129 Days Chargeable
At the May 5, 2015 arraignment, the People filed an abstract of the defendant’s driving record, and the case was adjourned to September 11 for the People to provide proof of mailing of the order of suspension or revocation. On June 16, however, off-calendar, the People filed with the court and served on defense counsel by mail a certificate of readiness, an order of suspension or revocation and a mailing record for notice of suspension or revocation.
The People are, however, charged with the entire 129-day adjournment period, since as noted above, their statement of *800 readiness was illusory.
2. September 11, 2015 to September 15, 2015: Zero Days Chargeable
The defendant failed to appear in court on September 11, 2015, and a bench warrant was ordered. The period is not chargeable to the People. (CPL 30.30 [4] [c] [ii].)
3. September 15, 2015 to December 11, 2015: Zero Days Chargeable
The defendant appeared in court on September 15, 2015, and the warrant was vacated. The case was adjourned to December 11. The period is not chargeable to the People because “[i]t is completely unreasonable to expect the People to answer ready ‘when they are unaware of the day the defendant would be returning on the warrant.’ ” (People v Muhanimac, 181 AD2d 464, 465 [1st Dept 1992].)
4. December 11, 2015 to March 11, 2016: Zero Days Chargeable
On December 11, 2015, the People answered “not ready” for trial, but defense counsel was not present. The court adjourned the case to March 11, 2016. This period is not chargeable to the People. (CPL 30.30 [4] [f].)
5. March 11, 2016 to March 16, 2016: Zero Days Chargeable
On March 11, 2016, the People answered “ready” for trial, but neither defendant nor defense counsel appeared in court. A bench warrant was ordered. The period is not chargeable to the People. (CPL 30.30 [4] [c] [ii]; [f|.)
6. March 16, 2016 to April 15, 2016: Zero Days Chargeable
The defendant appeared in court on March 16, 2016, and the warrant was vacated. The case was adjourned to April 15. This period is not chargeable to the People. (Muhanimac, 181 AD2d at 465.)
7. April 15, 2016 to June 10, 2016: 56 Days Chargeable
The People answered “not ready” for trial on April 15, 2016, and requested a one-week adjournment. The case was adjourned to June 10. Because the date request was ineffective, the People are charged for this entire period.
8. June 10, 2016 to July 8, 2016: 28 Days Chargeable
The People answered “not ready” for trial on June 10, and requested a one-week adjournment. The court adjourned the case to July 8. This entire period is chargeable to the People.
9. July 8, 2016 to July 29, 2016: 21 Days Chargeable
On July 8, the People answered “not ready” for trial, and *801 requested a one-week adjournment. This entire period is chargeable to the People.
10. July 29, 2016 to August 1, 2016: Three Days Chargeable
On July 29, 2016, both the People and the defense announced their readiness for trial. The case was adjourned to August 1. This entire period is chargeable to the People.
11. August 1, 2016 to August 24, 2016: 23 Days Chargeable
On August 1, 2016, the People answered “not ready” for trial. The People requested an adjournment to August 9. The court adjourned the case to August 24. This entire period is chargeable to the People.
12. August 24, 2016 to December 5, 2016: Zero Days Chargeable
On August 24, 2016, the defense announced its intent to file the instant motion. The defense was directed to file the motion by August 31, and the People were to respond by September 7. The court adjourned the case to October 12 for the decision of the court. The defense actually filed the motion on September 6, and the People did not file a complete response until October 12. As a result of the late filings, and the schedules of the attorneys, the case was administratively adjourned to December 5 for decision.
For this period, zero days are chargeable to the People. (CPL 30.30 [4] [a] [“reasonable period of delay resulting from other proceedings concerning the defendant, including . . . pre-trial motions” is excludable].)
B. Conclusion
As detailed above, 260 (129 + 56 + 28 + 21 + 3 + 23 = 260) days are chargeable to the People. Defendant’s motion to dismiss is granted as to the Vehicle and Traffic Law § 511 counts. The unlicenced driving charge (Vehicle and Traffic Law § 509 [1]) is a traffic infraction, and CPL 30.30 does not apply. That charge is not dismissed.
V. Conclusion
The motion to dismiss the Vehicle and Traffic Law § 511 counts is granted. The charge of unlicensed operation of a motor vehicle stands. That count is converted, and, since it charges a traffic infraction, it is not subject to dismissal pursuant to CPL 30.30.

. The People filed a response on October 5, 2016, which failed to address the conversion issue.

. To be entirely accurate, since the instrument in this case is a superseding instrument, but is not an SSI, the proper remedy is to dismiss it as a nullity and for the case to proceed on the original misdemeanor complaint. (See People v Severino, 47 Misc 3d 1229[A], 2015 NY Slip Op 50891[U] [Crim Ct, NY County 2015] [noting that an SSI that contained hearsay was a “superseding complaint,” a document not recognized by the CPL, dismissing it and restoring original accusatory instrument].) But here, since this same mailing record would be proffered to convert the original instrument, the outcome is the same regardless.